LESLIE V. JAMES V. THE STATE.

No. 23700. Delivered June 18, 1947.
Rehearing Denied October 29, 1947.

*Mays & Mays* and *Dave Miller*, all of Fort Worth, for appellant.

*Alfred M. Clyde*, Criminal District Attorney, and *Ardell M. Young*, and *W. E. Myres*, Assistant Criminal District Attorneys, all of Fort Worth, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Theft is the offense; the punishment, two years in the State penitentiary.

Steers. the injured party, operated a drug store at Handley,

in Tarrant County. It was his custom at the close of business each day to place his receipts in a cigar box in a safe over night. Each morning the cigar box and receipts would be taken from the safe to the cash register near the front of the store. About seven o'clock on the morning of April 27, 1946, Steers, after opening his store, had placed the cigar box containing something over $150.00 in cash upon a counter near the cash register when appellant entered the store and asked to purchase a small bottle of powdered bismuth. Steers went to the rear of the store to get the bismuth. Appellant went along with him. About this time a woman and a man came into the front of the store. The woman was seen to reach over the counter and then leave the store. After delivering to appellant the bottle of bismuth, Steers discovered that the cigar box was missing—whereupon he exclaimed: "Well, that old wench. Somebody stole my cigar box." The man who came into the store with the woman asked: "What did it have in it?"—To which Steers replied: "My money." He (Steers) then started in pursuit of the woman. He overtook her as she was crossing the street and asked her for the cigar box. She denied having it. The woman then got into an automobile which another woman was driving. The motor was already running, and they drove rapidly away. Steers, upon returning to the store, found that appellant and the man who came into the store with the woman had gone. Shortly thereafter, the automobile in which the woman drove away was found wrecked. The woman seen in the store was taken into custody and admitted that she took the cigar box containing the money. She went with the arresting officer to the place where she had hidden it. The cigar box containing the money was returned to Steers. The woman who stole the cigar box with the money was the wife of appellant. They lived in Fort Worth some five or six miles from Handley. The wrecked automobile was identified as belonging to one Tunnell. Neither the woman who drove the automobile nor the man who came into the store with appellant's wife was identified.

It is upon this evidence the appellant stands here convicted of the theft of the money. The sufficiency thereof to support the conviction is challenged. The appellant did not testify.

The case was submitted upon the law of circumstantial evidence and of principals, upon the theory that appellant, being present, aided his wife in committing the theft of the money. Art. 66, P. C. The jury were also instructed that the mere presence of one at the commission of a crime by another would not constitute him a principal.

It was the theory of the State that appellant went into the store not for the purpose of purchasing in good faith a bottle of bismuth, but to furnish the means by which Steers would be called to the back of the store and his attention diverted from the front of the store and the cigar box containing the money—in other words, to furnish to his wife the opportunity of effecting the theft.

Does the evidence sustain such theory? There is no question but that the facts present a strong suspicion that such was the case. But suspicion does not constitute proof, nor may a case of circumstantial evidence rest alone upon suspicion. There must be something more than suspicion; there must be facts which, taken together, show not only the guilt of the accused but exclude every other reasonable hypothesis save and except the guilt of the accused. Thomas v. State, 189 S. W. (2d) 621.

In the instant case, the exclusion of the mere presence rule is required.

In analyzing the State's case it becomes material to look to the absence of facts. There is no testimony showing when appellant or his wife were last seen together, prior to their presence in the store. They were known to live with the wife's mother and sister, neither of whom were called as witnesses. There is an absence, then, of any direct testimony showing when appellant and his wife were together or had the opportunity prior to the theft of entering into agreement or conspiracy to commit the theft; nor is there testimony that appellant or his wife knew of the custom of Steers relative to the handling of the money or its location in the box, or of the necessity for Steers to go for bismuth to the rear of the store and away from the money. Knowledge on his part of her unlawful intent was one of the elements necessary to constitute him a principal, under the theory submitted to the jury. The most damaging fact proven against appellant is that he was the husband of a thief and was present when she committed the theft. But this fact, alone, would not authorize his conviction.

Appellant may be guilty. Strong, suspicious circumstances so indicate, but suspicious circumstances do not establish guilt under the law.

Believing the evidence insufficient to support the conviction, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The State has filed and presented an argument before us in which testimony herein is reviewed and insisted to be sufficient under which a conviction could be sustained. It is shown, however, that the proof depends upon circumstances, and that appellant's mere presence in one end of the store of Mr. Steers while his wife was possessing herself of the cash box at the other end would not be sufficient to establish his guilt unless a previous conspiracy between them was shown, or that appellant did some act of aid or assistance, or said something in aid of the common design of himself and wife to rob Mr. Steers. After a careful review of the testimony, we remain convinced of the correctness of the views set forth in our original opinion herein, and the motion will therefore be overruled.