LEON FRANKLIN BURRIS V. STATE

No. 25547.  December 5, 1951.

Hon. Joe B. Brown, Judge Presiding.

*Irwin and Irwin, George W. Irwin,* and *Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Fred Bruner, William C. Dowdy, Jr.,* and *Robert L. Shaw,* Assistants Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 90 days in jail.

A taxicab driver in the city of Dallas testified that on the

night in question, while waiting for a fare, his parked cab was run into from the rear; that the automobile causing the damage came to a halt further up the street; that appellant, with several of his companions, came back to the cab; that appellant used loud and rough language; and that he smelled alcohol on appellant's breath.

Two deputy sheriffs testified that when they arrived at the scene of the collision appellant was given some simple sobriety tests, such as being required to walk and to pick up a rock; and from this and his other conduct, they concluded that he was intoxicated, arrested him and carried him to the city hall, where he voluntarily submitted to the sobriety test then currently being given, which consisted of co-ordination and similar tests.

These deputies testified that while en route to the city hall appellant protested that he was not intoxicated, and they told him that he would be released if the sobriety test showed him not to be intoxicated; but that such was not the result, and appellant was placed in jail.

A Mr. Fabian, a second-year medical student and part-time employe of the city of Dallas, testified that he was in charge of giving sobriety tests to those brought in by the police after securing their consent thereto; that he secured the consent of appellant, gave him the test, reduced the results of the test to writing in the form of a card, and concluded from the test that appellant was intoxicated.

Appellant testified and admitted having drunk two bottles of beer some few hours before the collision, but denied that he was under the influence of intoxicants at the time thereof. In this, he was supported by several witnesses called by him. Appellant admitted that he consented to taking the test, but contends that he thought it was to be a blood test and that his consent terminated after a part of the test had been taken, at which time he had realized the nature of the test being given him. Appellant does not claim that he was misled by the officers, but says that he thought blood tests were the only kind given. Appellant and several witnesses for the defense testified that the taxicab driver had been responsible for the collision by virtue of having stopped suddenly in the path of appellant's automobile.

Bill of Exception No. 1 complains that the counsel for the

state, in cross-examining appellant, asked him if he was not at that time "under charge in this court for carrying a concealed weapon." The bill shows that appellant objected, the court sustained the objection, the appellant moved the court to instruct the jury not to consider the question asked, and they were so instructed. Appellant's careful counsel then moved the court to declare a mistrial, which motion was refused, to which appellant excepted.

It must be remembered that there is no offense in Texas eo nomine as carrying a concealed weapon. An examination of the record reveals that, on re-direct examination by his counsel, appellant testified that he was at that time charged with carrying brass knucks, but that he had not been tried and that he was not guilty of the charge.

It will be noted that the statute which denounces the carrying on or about one's person of a pistol also makes such carrying of knuckles unlawful.

Having seen fit to go into such matter on re-direct examination, appellant waived any error arising by virtue of the unanswered question.

By Bill of Exception No. 2, appellant seeks to present for review by this court the following alleged errors:

1. That questioning appellant about a liquor law violation in 1941 was improper as being too remote for impeachment purposes.

2. That state's counsel committed error when he asked if carrying a gun involved moral turpitude.

3. That it was improper for the court to examine a sheet of paper not in evidence.

4. That state's counsel committed error when he stated to the court that appellant had some cases pending against him.

Evidently, appellant grouped these four separate matters, thinking that they all dealt with the question of impeaching appellant. This, we think, was improperly done. We know of no authority holding such to be an exception to the rule against a multifarious bill. The rule against multifarious bills is based on reason, that being that a bill must be directed to a single supposed error so that this court may know from an examina-

tion of the bill the particular ruling of the court assigned as error.

Bill of Exception No. 3 complains of the bad faith of the prosecutor in asking appellant if he had not been charged on January 14, 1951, with the offense of robbery. To this question, appellant answered, "Yes, sir, and the case was dismissed."

It will be noted that the bill fails to contain a certificate of the court that such a charge had not, in fact, been filed against appellant, nor do we find in the record any proof of such fact.

Attention is further directed to the fact that, in answer to his counsel on re-direct examination, appellant again stated that he had been charged with robbery but that the same had been "dismissed at the request of the guy that said I robbed him."

In order to show bad faith on the part of the prosecutor, it is incumbent upon appellant to show that the basis for the cross-examination did not, in fact, exist.

What has been said with reference to Bill of Exception No. 2 applies to the many matters of impeachment sought to be raised by Bill of Exception No. 4. It will be further noted that the court sustained appellant's objection to the questions.

Bill of Exception No. 5 complains of the introduction in evidence of the card signed by appellant authorizing the giving of the sobriety test and which contained notations made by the witness Fabian. Without discussing the merits of the objections raised thereto, we note that the witness Fabian testified at length about the giving of the test and his reasons for making each notation. So far as this record now before us reveals, this testimony was admitted without objection, except as is shown in the following bill, which fact cured any possible error in the admission of the card.

Bill of Exception No. 6 complains of the refusal of the trial court, at the close of the evidence, to withdraw the testimony of the witness Fabian which had been admitted over "appellant's objection at the time the witness Fabian was testifying."

There is no showing here as to what these objections were, to what testimony they were leveled, or the action of the court thereon. This record is silent on this controlling question, and,

therefore, we are in no position to review the action of the trial court.

Bill of Exception No. 7 complains of the closing argument of the prosecutor.

It will be noted that the court sustained the appellant's objection and instructed the jury not to consider the same. We do not feel that the argument complained of, in view of its withdrawal, was manifestly improper, harmful or prejudicial, or that a mandatory provision of the statute is shown to have been violated, or that some new and harmful fact was injected into the case so as to call for a reversal. Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548, and White v. State, 129 Tex. Cr. R. 59, 84 S. W. (2d) 465.

Finding no reversible error, the judgment of the trial court is affirmed.