AUBREY LEE SCOTT V. STATE

No. 27,484.    March 23, 1955

*Harry P. Jarvis*, and *Thomas M. Mobley*, both of Houston, for appellant.

*Dan Walton*, District Attorney, *Eugene Brady*, Assistant District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of felony theft under an indictment charging him with the theft of One Hundred and Twenty-five Dollars, in money, from one, Edwin C. Penson, and assessed punishment of four years' confinement in the penitentiary.

The evidence shows that the injured party, Penson, lost $125 in a transaction in which he (Penson), the appellant and one, Dubose, were involved.

According to the testimony of Penson, the following transpired: He went into a Henke & Pillot store in Houston and cashed a $125 check. While he was cashing the check appellant was in the store. After cashing the check Penson left the store, and while walking down the sidewalk, was stopped by a man named Dubose, who told him he was lost and wanted some information; and in the conversation he told Penson that a woman had taken some money from him and he wanted to know an address. While Penson and Dubose were talking, appellant approached the two and was asked by Dubose about the address of the woman who was supposed to have taken the money from him. Appellant indicated that he knew where the woman was. During the conversation Penson told appellant, "I have to go. You can show him where he wants to go," to which appellant replied, "To show you I am on the level, I will go with him, and you come on and go too." Dubose then said he had some more money, and appellant then told Penson, "You come on and hold his money while I show him where the woman is." As the three were talking, Dubose told Penson and appellant that he came in on a boat with a white man, who told him to leave his money

with someone that he could trust it with. Dubose then stated to the witness, "You are going to hold my money," and appellant said, "Well, to show you that I am on the level***." Dubose then produced a paper bag and appellant said, "I will put my money in there," and did put some money in the bag. Dubose exhibited some folded currency supposedly amounting to $1,000, and then put some money in the bag. Then Penson, at the suggestion of Dubose, put his $125 in the paper bag which he was holding. After the three parties had put their money in the bag which Penson was then holding, Dubose took the bag and said, "Let me show you how the white man told me how to keep money," and then folded the bag and stuck it in Penson's bosom. Penson testified that appellant and Dubose left together, and soon thereafter "it came to me that it was a pigeon"; that he opened the bag and discovered that it contained only some newspaper, whereupon he called the police; that in the transaction he lost his $125 without his permission or consent.

Appellant was identified by Penson at a police "show up" two weeks later, but Dubose had not been apprehended at the time of the trial.

As a witness in his own behalf, appellant testified that he did not know Dubose and had never seen him before the transaction in question; that as he started to take Dubose to see the girl, Dubose broke and ran, and that he had not seen him since, and that he lost the $33 he had put in the bag. Appellant testified that the reason he did not report the theft of his money to the police was because he owed a ticket that was past due.

Appellant questions the sufficiency of the evidence to support the conviction.

The question is therefore presented as to whether appellant, under the evidence, was acting as a principal with Dubose in the commission of the offense.

Under Art. 65, Vernon's Ann. P.C., all persons are principals who are guilty of acting together in the commission of an offense. Art. 66, V.A.P.C., in part provides:

"When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts, or encourage by words or gestures, those actually engaged in the commission of the unlawful act, * * * such persons so aiding, or encouraging * * * are principal offenders."

The evidence is undisputed that Dubose stole the $125 from Penson, the injured party. It is further undisputed that appellant was present and participated in the transaction in which the theft was committed.

Knowledge of the illegal intent, or the agreement of parties to act together in an unlawful act or design, may be established by circumstantial as well as direct evidence. Lee v. State, 152 Texas Cr. R. 401, 214 S.W. 2d 619; and Everett v. State, 153 Texas Cr. R. 79, 216 S.W. 2d 281.

Viewing the facts from the testimony of the injured party, whose testimony was accepted by the jury, it is shown that appellant was in the store when Penson received the $125 in cash. Penson testified that appellant must have seen him when he got the money. During the conversation between appellant, Penson and Dubose, appellant, on two occasions, referred to himself as being "on the level," the first time when Penson suggested that he had to leave, and the second time when the three were discussing and in the act of putting the money in the paper bag. Appellant, by his actions and conduct, put his stamp of approval on the suggestion of Dubose that Penson put his money in the paper bag, and by his acts and statements encouraged the injured party to participate in the transaction and part with his money.

The jury was not bound to accept appellant's testimony as true.

We conclude that the facts and circumstances, as shown in the record, are sufficient to support the conclusion that appellant acted as a principal with Dubose at the time he acquired Penson's money.

The case of James v. State, 151 Texas Cr. R. 31, 204 S.W. 2d 833, relied upon by appellant, in our opinion, presents facts different from those in the present case. In the James case, the accused was only present in the store when his wife stole some money, and there was no evidence that he knew where the money was kept in the store or that he did any act in connection with the actual taking of the money.

Appellant's complaint in his brief of certain jury argument made by the state's counsel cannot be considered in the absence of formal bills of exception. Hall v. State, 159 Texas Cr. Rep. 342, 263 S.W. 2d 563.

Deeming the evidence sufficient to support the conviction, and perceiving no error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.