**Jack Osro WESTFALL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36474.**

Court of Criminal Appeals of Texas.

Feb. 12, 1964.

Rehearing Denied March 18, 1964.

Rex Emerson, Houston (On Appeal Only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 1402a, Vernon's Ann.P.C., for unlawfully breaking and entering a coin-operated machine; the punishment, two years in the penitentiary.

The state's evidence shows that the prosecuting witness, Walter A. Keller, owned a

coin-operated laundry which was located across the street from his home in the city of Huntsville. On the night in question, while in his home Keller observed an automobile being driven up to the laundry and stop. Appellant and another man and woman got out of the automobile and went inside the laundry. The laundry was well lighted and Keller saw the trio make change for 50¢ and one of them drink a Coca-Cola. In a very few minutes the three left in the automobile. Some forty minutes later the same automobile was again driven up to the laundry and the man and woman got out and went inside. Appellant then drove off in the automobile and, as he left, Keller observed the man and woman break open a coin machine, described as a coin changer, with a bar and take money therefrom. Keller's wife called the police and, while waiting for them to arrive, Keller saw appellant drive by the laundry several times.

Officer Todd soon arrived and placed the man and woman under arrest. Appellant developed on cross-examination of the officer that after her arrest the woman stated that she was his (appellant's) wife. While the officer was at the scene, appellant again drove by in the automobile and, upon being pursued by Keller and the officer, was taken into custody. It was shown that $35 had been taken from the machine and that Keller had not given the appellant permission to break and enter the same.

Appellant did not testify or offer any evidence in his behalf.

The court, in his charge, to which no objection was made, instructed the jury upon the law of principals.

Appellant insists that the evidence is insufficient to sustain his conviction as a principal because there was no proof that the parties were acting together in breaking and entering the coin-operated machine. Specifically, appellant insists that there is no showing of any common intent and previously formed design between him and the other man and the woman to break and

enter the machine or that he aided or abetted them in committing the burglary.

■■ With such contention we do not agree. The agreement of the parties to act together in an unlawful act or design may be established by circumstantial evidence. Scott v. State, 161 Tex.Cr.R. 268, 276 S.W.2d 525. Appellant's actions before, during the time, and after his companions broke and entered the coin-operated machine were sufficient to support the conclusion that all of the parties were acting together under a previously formed design to break and enter the coin-operated machine. The evidence is sufficient to support the conviction.

■ Appellant complains that the court erred in cumulating the sentence in the present case with a prior sentence in Travis County on the ground that it was not shown that he was the person previously convicted.

A statement of facts of the evidence adduced at the time the court pronounced sentence is brought forward in the record. At the hearing, certain authenticated prison records were introduced in evidence, which records included certified copies of the judgment and sentence in Cause No. 32944, styled The State of Texas vs. Jack Osro Westfall, on the docket of the Criminal District Court of Travis County, wherein the defendant was convicted in said court on the 15th day of June, 1961, of the offense of burglary and sentenced to serve ten years in the penitentiary. Also included in the prison records was a photograph of one Jack O. Westfall, taken at the time he was received in the penitentiary.

Sheriff Floyd Farris, of Walker County, testified that prior to June 9, 1961, he delivered the appellant to Travis County and he further stated that the photograph appearing in the prison records was that of the appellant, who was then seated in the courtroom. He further testified that prior to the hearing he had received appellant from the Department of Corrections under a bench

warrant. Such proof was sufficient to show that appellant was the same person who was sentenced in the Criminal District Court of Travis County.

 The sentence appearing in the transcript, in ordering cumulation of the two sentences, refers to the date of the conviction and number of the cause in Travis County but fails to designate the court and the offense and sentence imposed. The facts developed at the time appellant was sentenced being before us, the sentence is hereby reformed to provide that the punishment assessed against appellant in this cause shall begin when the judgment and sentence dated June 15, 1961, in Cause No. 32944, styled The State of Texas vs. Jack Osro Westfall, on the docket of Criminal District Court of Travis County, assessing appellant's punishment at confinement in the penitentiary for ten years, shall cease to operate.

As reformed, the judgment is affirmed.

Opinion approved by the Court.