Ocie D. WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 42962.

Court of Criminal Appeals of Texas.

June 24, 1970.

Rehearing Denied Aug. 21, 1970.

Gordon MacDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, CaMille Elliott, Harry J. Schulz, Jr., and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault; the punishment was assessed by the jury at twenty-five years.

Joe Spradlin testified that he managed a grocery store in Dallas and at about 11:00 o'clock A.M. appellant entered the store armed with a pistol and said, "Give me your money or I'll use this on you." In compliance with the demand, Spradlin gave him some $466. Two other employees of the store testified and identified appellant as being the man in the store at the time of the robbery.

In the first ground of error, it is contended that "[t]rial counsel conducted voir dire examination of the jury panel on the assumption that appellant would enter a plea of guilty when arraigned," and that appellant entered a plea of not guilty, and that the court did not instruct the jury to disregard that part of the voir dire examination.

The voir dire examination is not in the record, nor is there a request for such an instruction. In the absence of the voir dire examination and a request for an instruction, nothing is presented for review.

In the second ground of error, complaint is made that the court erred in not having a hearing outside the presence of the jury to determine the sufficiency of the identification testimony and to make findings of fact and conclusions of law on whether or not the pre-trial identification was tainted.

It is contended that, because three of the eyewitnesses identified a photograph of appellant out of a group of six photographs, the court should have held the hearing.

A motion for such a hearing appears to have been filed on February 18, 1969 (the date of the trial), at 11:30 A.M. The court overruled the motion by order which contained the notation "not timely filed." It cannot be determined from the record at what stage of the trial the motion was filed. If the motion was filed before the witnesses testified, a hearing should have been held to determine if the viewing of the photographs would unduly influence their

identification in the courtroom. See Martinez v. State, Tex.Cr.App., 437 S.W.2d 842.[1]

The record reflects that the manager and two employees of the store testified and made their in-court identifications without objection. Officer Johnson, who testified that he saw appellant running from the store, made an in-court identification without objection.

■ An objection to identification testimony should be made at the first opportunity. Martinez v. State, supra.

■ Appellant did not ask the court to allow him to adduce testimony of what occurred, and the record contains no offer of such proof which is authorized by Article 40.09, Sec. 6(d) (1), Vernon's Ann.C. C.P. Absent a showing of injury, no reversible error is shown.[2]

■ Complaint is made in the third ground of error that a pistol was found as a result of an illegal search and that the court erred in admitting it into evidence.

Bennie Johnson testified that he was an officer of the Dallas Police Department and was patrolling the area where the store was robbed at about 11:00 o'clock that Sunday morning when he saw appellant, who was carrying a brown paper bag, and another man running from the shopping center mall to a car occupied by a third man parked in a traffic lane. They got in the car and left. Johnson followed, and as he did so he received a call over the radio that confirmed his suspicions about the car and its occupants that they had committed a felony. The car exceeded the thirty-mile an hour speed limit and failed to yield the right of way to another car. Just before Officer Johnson started to turn on his red light, the car stopped and appellant got out. The arrests and subsequent searches were made.[3]

Officer Mulvany testified that he arrived at the scene to assist Officer Johnson and that he found the .22 caliber loaded revolver under the arm rest in the middle of the front seat and found a set of license plates for the car in which the men had been riding in the trunk.

The testimony of Officer Johnson was sufficient for the trial court to conclude that the officer had reasonable grounds to believe that a felony had been committed and that the arrest was authorized under Article 14.03, V.A.C.C.P., which provides in substance that a peace officer may make an arrest without a warrant of persons found in suspicious places and under cir-

---

1. In United States v. Sutherland, 428 F. 2d 1152, the Court of Appeals for the Fifth Circuit suggests that before any photographic based identification is admitted, the trial judge should examine the display, out of the jury's presence, and determine if the display was unduly suggestive and if it presented a likelihood of misidentification, and, if both elements are present he should exclude the identification under the mandate of Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

2. At the penalty stage of the trial, appellant testified on direct examination in support of his application for probation that he had a family to support and that he could live up to the terms of probation; that he had made a mistake and never intended to do it again, and wanted a chance to do better. He was then asked; "Ocie, I want to ask you one more question, you went in that A & P grocery store with a pistol in your hand, and it was loaded, and I want to ask you in all sincerity, under any circumstances, would you have used that pistol?" and he answered: "I don't think so, because in the first place I don't believe in taking anyone's life. Like I said, I don't know any reason why I went in there, I have thought of it many times, I don't know, I haven't figured it yet."

3. After appellant and the others were booked, Officers Johnson and Lauderdale went back and retraced the route the robbery car had taken and found a brown paper bag containing $466, and fingerprints of appellant were lifted from the bag.

cumstances which reasonably show that such persons have been guilty of some felony or breach of the peace.

No error is shown.

The judgment is affirmed.