Lonnie Edward **FANTROY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44216.

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

Rehearing Denied Jan. 18, 1972.

Malcolm Dade, of Blassingame, Hendley, Dade & Watson, Dallas (Court appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. After the jury verdict of guilty, the court assessed the punishment at forty-five years.

This is a companion case with Wright v. State, 457 S.W.2d 55.

The sufficiency of the evidence is challenged.

Joe Spradling, the assistant manager of the A & P Store of the Lancaster-Kiest Shopping Center in Dallas, testified that at approximately 12:00 noon on a Sunday a man approached his office, pushed a brown paper sack under the window, exhibited a revolver and said, "Give me your money or I'll use this on you." Spradling put $466 in the sack and gave it to the man. The gunman (later learned to be Ocie Wright) then ordered Spradling to the back of the store. On the way back, Spradling told Ananias Freeney, Jr., the produce manager of the store, that he had been robbed.

Freeney testified that at the time in question he saw two men, one carrying a brown paper bag, walking toward the east

end of the store. When they tried to go out the east side of the store they "jammed" into each other and were unable to leave through the door. They then ran to the front and out the south side of the store. Freeney made an in-court identification of Fantroy, the appellant, as one of the two men he saw running in the store.

Patrolman Johnson of the Dallas Police Department testified that at the time in question and while approaching the shopping center, he saw a man seated in a 1961 Buick automobile with the engine running parked approximately 100 feet from the A & P Store. He then noticed two men, one of them carrying a bag, run from the shopping center mall and get into the Buick. The Buick left. Johnson followed it for several blocks until it stopped. He then arrested Ocie Wright, Joe Walls and the appellant.

Officer Mulvaney then assisted Johnson and found a .22 caliber pistol in the Buick. Officers then retraced the route to the shopping center but did not find the bag at the time. The officers later retraced the route and found a paper sack which contained $466, the amount taken in the robbery. The sack also had a thumb print of the appellant on it.

Joe Walls, Ocie Wright and the appellant testified that they did not take part in the robbery. On cross-examination Walls testified that he had been convicted for two offenses of robbery and one for forgery. He also admitted on direct examination that he had been convicted and was serving time for the present offense.

The appellant testified on cross-examination that he had been convicted for robbery in California.

The appellant contends that the evidence might show him to be an accessory for aiding the robbery after the crime but does not show him to be a principal.

Article 65, Vernon's Ann.P.C., provides:

"All persons are principals who are guilty of acting together in the commission of an offense."

Article 69, V.A.P.C., provides:

"Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act."

Russell v. State, Tex.Cr.App., 396 S.W. 2d 117, held that evidence against one who was with the robbers at the time of the robbery and arrest but was not actually seen to participate actively in the robbery was sufficient to support the conviction as a principal.

In Browning v. State, Tex.Cr.App., 451 S.W.2d 234, four men were together before the robbery and Browning went into the store and purchased some chewing gum before Square, the gunman, entered. The store was then robbed by Square. The manager grabbed Square and Browning fled. This Court held the evidence sufficient to show that Browning was a participant in the robbery.

In Gerzin v. State, Tex.Cr.App., 447 S. W.2d 925, the conviction was for assault with intent to rob. Gerzin went into a liquor store, made a purchase and left. A few minutes later the owner of the store saw Gerzin and Smith, the actual robber, in a parked station wagon nearby. Shortly thereafter, Smith attempted to rob the store but was shot. The owner then ran to the station wagon which had been turned in the opposite direction. Gerzin fled as the owner attempted to apprehend him. This Court held the evidence showed a participation by Gerzin in the robbery. See Davila v. State, Tex.Cr.App., 388 S. W.2d 944, and Greer v. State, 168 Tex.Cr. R. 485, 329 S.W.2d 885, and The Law of Principals, Accomplices and Accessories by Morrison and Blackburn, Volume 1, page XIII, V.A.P.C.

**492**

The agreement of the parties to act together in an unlawful act or design may be established by circumstantial as well as direct evidence. Westfall v. State, Tex. Cr.App., 375 S.W.2d 911; Scott v. State, 161 Tex.Cr.R. 268, 276 S.W.2d 525.

In the present case, the testimony of the appellant and co-defendants show that they knew each other in California. Appellant was not merely present with Wright in the store. They ran out of the store together, fled the scene together in an automobile and were arrested together. The sack containing the same amount of money taken in the robbery bore appellant's thumb print.

We hold the evidence was sufficient for the jury to conclude that appellant was a participant and a principal in the robbery.

The appellant contends that reversible error was committed when Ocie Wright, one of the co-defendants, was being cross-examined by the State. He was asked if he had been finally convicted for making a false statement on an application for a driver's license in 1962. The appellant objected to the form of the question. The objection was sustained. The motion for mistrial was overruled. The matter was not pursued further.

It is contended that the prosecutor should have gone forward to show a conviction rather than impeach the witness by innuendo.

If trial counsel did not believe that the witness had been convicted, he should have shown bad faith on the part of the prosecutor. Absent a showing of bad faith on the part of the State, no error is shown. See Criswell v. State, 171 Tex.Cr.R. 206, 346 S.W.2d 341, and Burris v. State, 156 Tex.Cr.R. 485, 244 S.W.2d 211. Cf. Parrish v. State, 163 Tex.Cr.R. 252, 290 S.W. 2d 245.

No error is shown; the judgment is affirmed.