Robert Henson v. The State.

No. 23828. Delivered January 7, 1948.

*Jones & Jones*, of Mineola, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of two years.

The record reflects that on the night of March 18th, 1946, the store building of M. J. Peterson, located at Winnsboro, was burglarized and a quantity of merchandise taken therefrom. About 2 A. M. on said night while appellant's brother had parked his automobile in front of an apartment in the City of Dallas which apartment was occupied by both appellant and his brother, Ray, two policemen observed the parked car with a man standing on either side thereof looking into the car. The policeman drove up beside the car to make an investigation When they saw the position the men were in, the policeman conceived the idea that the parties were either trying to steal something out of the car or to steal the car—that was the thought which flashed into their minds. The officers got out of their car; entered the parked car, raised a tarpaulin or bedspread and found some merchandise concealed under the cover. They asked the men who it belonged to but received no reply. They then asked them where they obtained it, and again they failed to reply. The officers then arrested them, carried them to jail and took possession of the automobile. The property discovered in the car was subsequently identified as belonging to Mr. M. J. Peterson which had been taken from his store at the time of the burglary. Appellant did not testify but by a number of witnesses proved an alibi.

By proper bills of exception he complains of the introduction in evidence of the results of the search of his brother's automobile on the ground that the officers making the search had no warrant; that none of the statutory provisions which authorized a search without a warrant existed. We need not discuss the question because the automobile searched by the officers did not belong to appellant. It belonged to his brother, Ray Henson. It is quite obvious that appellant's rights were not invaded by the search. Consequently, he had no just ground to complain. See Salinas v. State, 113 Tex. Cr. R. 142 (18 S. W. (2d) 663) ; Moss v. State, 135 Tex. Cr. R. 181 (117 S. W. (2d) 428) ; and cases therein cited.

He also challenges the sufficiency of the evidence to justify and sustain his conviction. This presents a most serious question. The only evidence which the State introduced and upon which it relied for a conviction is as follows: (a) the introduction in evidence of the property found in Ray Henson's automobile as a result of the search and which was identified as that taken from the burglarized premises on the night in question. (b) appellant's presence at the automobile together with the presence of his brother, Ray, both of whom were standing beside the automobile looking into it through the windows. There is not any evidence from any source that appellant and his brother, Ray, were seen together at the town of Winnsboro where the alleged burglary was committed or any other place except in the City of Dallas where the automobile was searched by the officers. Appellant, by the testimony of various witnesses, accounted for his whereabouts from 6:30 P. M. up to within about 20 or 30 minutes of the time he was arrested. It will be noted from the brief statement of the facts that the State relied solely on possession of recently stolen property. It can not be said that appellant was in possession of recently stolen property because he stood on one side of the car while his brother, Ray, stood on the other side looking into Ray's car. It can not be said that appellant was in possession of the automobile which at the time contained the personal property taken from the burglarized premises. It must be remembered that it was Ray's automobile, he was present when the officers searched it, he was in possession of the automobile. Consequently, he, and not appellant, was in possession of the recently stolen property.

Having reached the conclusion that the evidence is insufficient to establish appellant's guilt beyond a reasonable doubt,

the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.