ODIS SANDERS V. STATE.

No. 24832. June 21, 1950.

M. *Gabriel Nahas, Jr.,* Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with the theft of one head of cattle, and upon conviction, was assessed a penalty of two years in the penitentiary, and he appeals.

The state's testimony shows that on a given date—sometime in the late afternoon of the 23rd day of April, 1949,—a deputy sheriff of Montgomery County passed a pick-up truck with three Negroes therein. He knew one of these men and observed something peculiar in the rear portion of such truck. Appellant was one of the persons in such truck. The deputy sheriff saw this truck turn into a filling station and he turned around and went back. Appellant was out of such truck and was throwing some old empty cans therein. Upon seeing the deputy, the appellant said, "There is an officer," and immediately fled. He remained at large for about twelve days, although the officers were hunting him to place him under arrest. The deputy looked in the truck and there found the carcass of a recently butchered calf, which was later shown to belong to Mr. McShan, and was proved to have been stolen in Montgomery County. At the time of the discovery of this dead animal, appellant made no explanation relative to the possession thereof, but "left out," as he said, and was gone for about twelve days, at which time he was apprehended. The first explanation shown in the record came at the trial hereof on December 12, 1949, by his testimony herein, wherein he laid the total blame for the theft of this animal upon Rubie Booker, the owner and driver of the truck, whom he claimed killed the animal and skinned the same over appellant's protest and his earnest desire to have naught to do with this incident. Appellant denied that he threw any cans on the carcass at the filling station, but he knew that his companion had done wrong, and upon seeing the deputy sheriff he "took off" and went home.

It is contended by appellant that the state merely had the

possession of recently stolen property as a group possession, and in no way was such possession exclusively in appellant, there being three people in such truck and another than appellant doing the driving. Therefore, he contends that such possession is not sufficiently shown in order to base a conviction thereon. There can be a joint possession, and if in pursuance of a previously formed design, more than one person can be guilty of a joint possession of the property which is the subject of the theft.

In this instance, it was shown that the three men were on a joint enterprise, and in carrying out such enterprise they spent some hours together from about nine o'clock in the morning until about two o'clock and then until five o'clock P.M., when they were accosted by the officer, at which time appellant was pitching empty tin cans on top of the carcass of the stolen animal; that upon perceiving the presence of the officer, the appellant said, "There is an officer," and he "took off," meaning that he ran away. He was at large for about twelve days although he knew for half that time that the officers were looking for him. His story makes him but an innocent bystander at the hunting, the taking and the skinning of the animal, as well as its possession by the others, but in view of his effort to conceal the same, in addition to his flight, he evidently convinced the jury that he acted as a principal in the original taking.

Complaint is made in the bills of exception to the introduction of certain pictures of the truck and the carcass contained therein. It was shown that such pictures were taken soon after the flight of the appellant and correctly depicted the condition of such truck at that time. We think they were properly identified and that their introduction was proper at the time.

The careful trial court charged the jury that if they believed that some person other than the appellant originally took such animal in question, or if they had a reasonable doubt thereof, then they should acquit him. And again, that if they found that the defendant was present at the theft but did not participate in the taking nor do any act in furtherance of a common design between himself and others to take the stolen property, or if there was a reasonable doubt in their minds as to same, they should acquit the appellant.

The jury failed to give credence to appellant's version of the facts, and under a proper charge on circumstantial evidence,

appellant was convicted of being a principal in this theft. See 41 Tex. Jur. pp. 198-200, secs. 123 and 124.

The judgment will be affirmed.