**William Joseph MILES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40200.**

Court of Criminal Appeals of Texas.

April 5, 1967.

Maurice U. Westerfeld, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Alvin A. Horne, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

BELCHER, Judge.

The conviction is for burglary; the punishment, twelve years.

Notice of appeal was given on July 14, 1966.

The sufficiency of the evidence to support the conviction is challenged in appellant's brief.

The testimony of the state reveals that about 5:15 a. m., December 17, 1965, two

officers, upon hearing a noise coming from a garage building, saw a window being pushed open and a man wearing gloves throw an adding machine from the window; that the man ran from the window and after hearing another noise they saw the appellant run from the side of the building; that the appellant was wearing the same colored shirt as the man they saw throw the adding machine from the building; that the officers pursued the appellant as he ran away from the building, and during the chase they saw him throw two pistols into the bed of a truck parked by the roadside; that after a chase of two blocks, during which the officers never lost sight of the appellant, he was arrested, and he was wearing the same color of shirt as the man they saw inside the building and the man running from it; that in addition to the gloves the appellant was wearing, a search of him revealed an earring, some playing cards, and book matches, which were identified by the owner of the building as coming from his building, and one of the pistols found in the truck bed was also identified by the owner of the building as belonging to him and taken from his garage building; that the owner did not consent to the forcible entry of the closed building and the taking of any property therefrom.

The appellant did not testify, but called one witness, Marcus de Roin, who testified that he, alone, burglarized the garage building. He testified that he entered the building, took the pistol, and had other things stacked in the building when he noticed the police car and left the building; that as he fled he first saw the appellant walking toward the truck while the police were in pursuit; that he threw his pistol and the one he took from the building in a truck, then hid in a ditch, and saw the officers apprehend the appellant.

In appellant's brief he urges as a ground of error that:

"In prosecution for burglary, where the state is relying solely upon circumstantial evidence, the confession by a third party should exclude the guilt of the accused when it shows that the person making the confession was so situated that he could have committed the crime and when the guilt of the party making the confession is inconsistent with the guilt of the accused."

Error is also urged on the ground that:

"On a voluntary statement of confession the court should have instructed the jury generally on the law pertaining to such statement or confession."

The court charged the jury upon the law applicable to circumstantial evidence.

The appellant did not testify, and no statement of the appellant was introduced or referred to in the evidence adduced. Appellant's only witness, Marcus de Roin, freely and voluntarily testified that he, alone, committed the offense charged. Even though de Roin's testimony admits his guilt, and shows that it is inconsistent with and excludes the guilt of the appellant, it raises no more than an issue of fact which was decided against the appellant by the jury. No error is perceived in the grounds urged as error.

Another ground presented as error is:

"The court should have instructed a verdict of acquittal where, by law, two witnesses are required, or one with corroborating circumstances."

This contention seeks to make effective the provisions of Art. 38.17 Vernon's Ann.C.C.P., to this case. The requirements of said article, in order to authorize a conviction, are not applicable to the evidence or the offense charged in this case. No error is shown.

The jury rejected the testimony of appellant's witness de Roin, and we find the evidence sufficient to warrant the jury's finding that the appellant is guilty as charged.

The judgment is affirmed.