Richard Steven SHARP, Appellant,

v.

The STATE of Texas, Appellee.

No. 40810.

Court of Criminal Appeals of Texas.

Dec. 6, 1967.

———◆———

Jack Hampton, Dallas (on appeal) for appellant.

Henry Wade, Dist. Atty., Tom Reese, Charles Caperton and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for burglary; the punishment, nine years.

The sufficiency of the evidence to support the conviction is challenged.

The testimony of the state reveals that the house of Joseph Darrow Bass was burglarized about 3 p. m., June 17, 1966, and that no consent was given anyone to enter the house or to take property therefrom; that two transistor radios, watches, earrings, and other jewelry including a diamond brooch about the size of a fifty-cent coin which was bordered with thirty-six diamonds were taken from the house. The police were notified immediately and came to the scene.

The owner of a pawnshop testified that on June 18, 1966, two men came into his store and tried to sell him a diamond brooch; and at this time detectives Trantham and Talbert entered the store and he asked them to check the brooch to see if it was all right.

Detectives Trantham and Talbert arrived at the pawnshop about 3 p. m., June 18, 1966, and after talking with the owner approached two men in the store. The appellant was identified at the trial as one of the two men, and when the appellant and the other man, identified as George Bell, were approached by the detectives and asked for the jewelry they were trying to sell, the appellant handed Officer Trantham a lady's diamond brooch about the size of a fifty-cent coin, containing about 32 diamonds; that after examining the brooch Detective Talbert recalled that such a brooch had been reported stolen from the Bass residence. When the two officers entered the store one of the two men turned to the other and using an obscene word was heard to say, "\_\_\_\_\_ the police."

Upon a search of the appellant at the police station, one earring was found in the lining of his coat and the other in the chair where he had been sitting.

In executing a search warrant for appellant's residence, Officers Talbert and Watts found some men's cuff links, ladies' jewelry, and one transistor radio.

Mr. and Mrs. Bass identified the recovered property described above including the diamond brooch as belonging to them and which was taken from their house.

The appellant did not testify, but called Francis Carroll Lancaster, who testified that he, alone, burglarized the Bass house; that he took two radios and some jewelry including earrings and a brooch; that he gave some of these articles to appellant's wife, and kept the remainder. Some of the Bass property was found in Lancaster's apartment and a part of it at two other places.

Appellant's wife testified that he was sick in bed all day June 17, 1966, and never left their home; that Lancaster came by their home about 7:30 p. m., that day and gave her a radio, 3 watches, and some jewelry, that she did not know that the brooch he gave her contained any diamonds; that she and her husband did not know that these articles were stolen or had any value, and the appellant, the next day, June 18, went to see about their value.

■ Although, appellant's witness Lancaster testified that he, alone, committed the burglary alleged, that his testimony is inconsistent with and excludes the guilt of the appellant, it raises no more than an issue of fact. Miles v. State, Tex.Cr.App., 413 S.W.2d 389.

The appellant made no explanation of his possession of the brooch when approached by the officers at the pawnshop.

■ The unexplained possession of part of the recently stolen property from the burglarized house is sufficient to authorize a jury to convict the possessor of the property for the burglary. 4 Branch 2d 866, Sec. 2537.

The evidence is sufficient to warrant the jury's finding that the appellant is guilty as charged.

■ In appellant's brief, error is urged on the ground that the state improperly impeached appellant's witness, Lancaster, on cross-examination as follows:

"Q  (By State's Counsel) The police didn't believe you, did they?

"A  I don't know if they did or not. They wouldn't give me a lie detector test.

"Q  Wouldn't what?

"A  They wouldn't give me a polygraph test.

"Appellant's Counsel: At this time, I'll move for a mistrial.

"The Court: Overruled.

"Appellant's Counsel: Please note our exception.

"State's Counsel: It's his witness.

"Q  (Continuing)  The Grand Jury didn't believe it, did they?

"Appellant's Counsel: We wish to object to that.

"State's Counsel: Well, he was indicted; you've got sense, don't you?

"The Court: I sustain the objection and instruct the Jury not to consider it.

"Q  (Continuing)  Just because he's indicted don't make him guilty?

"The Court: You don't need to answer that."

It is evident that no grounds were given for the mistrial motion, and none were stated in support of the purported objection. No error is presented.

■ The following cross-examination of the defense witness, Lancaster, is urged as a ground of error in appellant's brief:

"Q  Well, you're again down in Huntsville on another burglary case, aren't you?

"A  Yes, I am.

"Q  So, since April of 1962, you have been down there to Huntsville three times for burglary, haven't you?

"A  Yes, I have.

"Q  How many years are you down there for this time?

"A  Ten.

"Q  What's your earliest release date?

"A  1972.

"Q  That's your earliest release date with your good time and everything?

"A  Yes, sir.

"Q Now, you know I know better than that.

"A Six years to ten years' sentence, do you know better?

"Q How long did you do on that two-year sentence?

"A Sixteen months and twelve days.

"Appellant's Counsel: Your Honor, I'm going to object to his going into this.

"The Witness: He wants to cut me up.

"Appellant's Counsel: It's extraneous to the case at hand.

"The Court: Overruled."

The cross-exmination and the objection shown does not present error.

▮ A fatal variance between the alleged name of the owner of the house as Joseph Darrow Bass and the proof that his name was in fact Joseph Barrow Bass is urged as a ground of error.

The error in alleging the middle name as urged is immaterial and reveals no error. 40 Tex.Jur.2d 374, Sec. 4; Ex parte Mackerman, Tex.Cr.App., 376 S.W.2d 350.

▮ In his brief, the appellant contends that it was reversible error to permit the state to cross-examine the defense witness, Lancaster, about improper relations with the appellant's wife.

Lancaster testified that he never kept company with appellant's wife but that he had given her and the children gifts. The wife testified, without objection, that Lancaster had given her a radio, and jewelry including the brooch. No error is shown.

▮ Complaint is made that the state, in its closing argument to the jury, commented on the appellant's failure to testify. The argument was as follows:

"(By Mr. Reese) * * *

I'm a little bit surprised when Mr. Green and Mr. Moore say that they know in their minds and hearts that this man is not guilty. They can't know that any more than I do. They don't know. They may know more about this case than I do but what you have heard is what they wanted you to hear about this case. Now, when I say that you have heard everything there is about this case, that's not true because for it to be true, it would mean that he would not make one single objection to any testimony.

"Mr. Green: Your Honor, I object to his argument.

"The Court: I'll sustain the objection and instruct the Jury not to consider about objections.

"Mr. Reese: Let me say this about it. We brought you all the evidence that the law will let us bring within the confines of his objections. He says there is no fingerprints. If you don't leave any fingerprints, you don't get any fingerprints. You know that place was burglarized; you know somebody was in there. There were no fingerprints, does that mean that there was no burglary, that nobody went in there and stole that property. If you don't believe that Bass lost anything then there is nothing I can do about that. * * * *"

In the light of the purported objection which stated no grounds, and the court's ruling and instruction to the jury not to consider the argument about objections, no error is shown.

The other grounds urged as error have been carefully considered and they do not reveal error.

The judgment is affirmed.