Marion L. HORNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 41554.

Court of Criminal Appeals of Texas.

Nov. 6, 1968.

Nathan O. Newman II, Abilene, (on appeal only) for appellant.

Richard M. Price, Dist. Atty., Abilene, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is felony theft of a battery charger belonging to L. D. Sitton; the punishment, ten years.

The sole ground of error presents the contention that the testimony of the accomplice witnesses was not sufficiently corroborated.

The prosecuting witness L. D. Sitton testified that he was informed by a person un-

known to him that he had seen some boys running out of his service station with a battery charger. Finding that his battery charger was gone, he reported the matter to the police.

Patrolman Lloyd Skiles testified that he observed appellant riding as a passenger in the back seat of an automobile.

Having a warrant for the arrest of the owner of said automobile, the officer stopped it and the three occupants got out and came to the patrol car. Appellant not being the party he was looking for, Officer Skiles permitted him to leave and told the other occupants to go on their way.

Discovering that he still had appellant's identification, he walked up to the car to give it to one of the boys so they could return it to appellant and found the battery charger, later identified as belonging to L. D. Sitton, in the back seat of the automobile. He then radioed headquarters and learned that the theft had been reported.

The place where the officer stopped the car was some 17 blocks from the service station. The time it was stopped was around 2:30 P.M., some 20 minutes after the battery charger was taken from the service station.

Both of the other occupants of the automobile in which the battery charger was found in the back seat, where appellant had been riding, testified as accomplice witnesses for the state.

Eliminating from consideration the evidence of the accomplice witnesses, the facts and circumstances shown by other evidence and set out above tend to connect appellant with the theft of the battery charger, hence the corroboration of the testimony of the accomplice witnesses is sufficient. Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340; Todd v. State, 170 Tex.Cr.R. 552, 342 S.W.2d 575; Adame v. State, Tex.Cr.App., 372 S.W.2d 545.

The judgment is affirmed.