**Homer E. BEARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42994.**

Court of Criminal Appeals of Texas.

July 8, 1970.

Rehearing Denied Oct. 14, 1970.

**86**

J. A. Martindale, Pampa, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, 7 years.

Appellant was jointly indicted with one Jim Bradshaw, but was tried separately.

At the outset appellant challenges the sufficiency of the evidence to sustain the conviction.

W. E. Ellis, District Manager of Waukesha-Pierce Industries located on Price Road in the city of Pampa, testified the company's building was closed and secured about 6 or 7 p. m. on September 26, 1967; that when he arrived the next morning he discovered his office ransacked, the lock sprung on a side door, and some equipment missing from the building.

Walter Clay, an employee of such company, related that certain tools belonging to him and left in the building had been taken on the night in question. He identified a chisel (State's Exhibit #1) and a

heel bar (State's Exhibit #2) as two of the missing tools. Each had been previously marked with a "C" by Clay using a steel stencil. He also identified State's Exhibit #3 as his new and unmarked chisel at the time it was taken. Clay also stated that State's Exhibit #5 (a Dad lantern) appeared to be one missing from the company's pickup which had been parked inside the building on the night in question. It was also shown by Clay's testimony that a missing sledge hammer (State's Exhibit #4) was found by the police on Price Road and returned the same morning the alleged offense was discovered.

Fred Carothers, operator of the Western Motel in Pampa, testified that the appellant and Jim Bradshaw stayed at his motel on September 23 and 24, 1967, and were in an automobile bearing 1967 Texas license plates No. CXW 398.

Jerry Talbot testified she, Jim Bradshaw and the appellant were at the Ranch House Motel in Pampa on the night of September 26, 1967;[1] that the appellant was with Jim Bradshaw in her 1967 Pontiac automobile bearing license plates No. CXW 398. She related she saw the appellant at 2 or 2:30 a. m. on September 27, 1967, and that he and Bradshaw were both drinking heavily.

Bill Sage, a deputy sheriff of Winkler County, testified he first became "acquainted" with the appellant Beard inside the Foxworth-Gailbreath Lumber Yard Building in the city of Kermit at 10 p. m. on October 12, 1967, at a time when the company was not open for business and the lights were off. At the time appellant was in the company of Jim Bradshaw and State's Exhibits #1, #2 and #3 were lying on the floor in front of the safe. At one point Sage testified that State's Exhibit #1 (a chisel) was in the appellant's possession but admitted later it may have belonged to Bradshaw.

E. B. Haggard, also a Winkler County deputy sheriff, corroborated Sage's testi-

mony, and it was further shown that State's Exhibit #5 (Dad lantern) was obtained in a search in Kermit of Jerry Talbot's 1967 Pontiac automobile with her consent.

The appellant did not testify or offer any witnesses. The court charged the jury on the law of circumstantial evidence.

This, then, is a circumstantial evidence case where the State relies upon the rule that unexplained possession of recently stolen property is sufficient to sustain a conviction for theft of such property and for the burglary of the house out of which the property was stolen. Adame v. State, Tex.Cr.App., 372 S.W.2d 545; Rodriguez v. State, Tex.Cr.App., 417 S.W.2d 165; Sharp v. State, Tex.Cr.App., 421 S.W.2d 663; 4 Branch's Ann.P.C., 2nd ed., Sec. 2537, p. 866; 10 Tex.Jur.2d, Burglary, Secs. 87–92, pp. 247–258.

The evidence reflects that a burglary was committed by someone, and the appellant in company with Bradshaw was in the city where the burglary occurred, having moved from one motel to another. Further, it was shown that appellant and Bradshaw were drinking and still up at 2 or 2:30 a. m. on the night or morning of the alleged offense with an automobile available to them. Some 16 days later the appellant and his companion were discovered at night inside a business establishment with the lights off in another county and in possession of three tools stolen in the alleged burglary.

■ Appellant argues that where the prosecution relies on the fact of possession of stolen goods to connect an accused with a burglary it must be established, among other things, that his possession was personal and exclusive.

"It is not necessary, however, that the accused shall have been found in the immediate actual possession of the goods," 10 Tex.Jur.2d, Burglary, Sec. 88, pp. 250, 251 and where as here it appears that the par-

---

1. The registration cards of the Ranch House Motel for September 26, 1967, were introduced but were not brought forward in the appellate record.

ties were working together and exercising joint control and possession of the stolen goods and were in close juxtaposition to the goods when discovered the rule relied upon by the State is applicable. See Sanders v. State, 155 Tex.Cr.R. 90, 231 S.W.2d 413.

Henson v. State, 151 Tex.Cr.R. 297, 207 S.W.2d 386, relied upon by the appellant, is distinguishable on the facts from the case at bar.

Viewed in the light most favorable to the jury's verdict, we deem the evidence sufficient to sustain the verdict.

"If the State proves a burglary as alleged was committed by someone, and based on proof that defendant was found in possession of property recently stolen from the burglarized house the jury have found defendant guilty of the burglary, and that finding has been approved by the trial court whose duty it is to set aside the conviction if not satisfied that defendant is guilty as charged, the judgment will be sustained on appeal unless clearly wrong if there are facts or circumstances in evidence which justify the jury in disbelieving defendant's explanation of such possession, if any he made." 4 Branch's Ann.P.C., 2nd ed., Sec. 2537, p. 866.

Ground of error #1 is overruled.

■■ At the penalty stage of the trial the State had admitted into evidence authenticated penitentiary records from Texas and New Mexico reflecting that Homer Beard had two prior felony convictions for burglary. No evidence was then offered to show that appellant was the person named in such exhibits. The State also offered into evidence without objection record evidence of numerous misdemeanor convictions in Justice and Corporation courts which were clearly inadmissible under the definition of "prior criminal record," being neither a final conviction in a court of record nor a final conviction material to the offense charged. See Article 37.07, Sec. 3(a), V.A.C.C.P., as amended, 1967. Here again the State made no effort to show that the appellant was the same person named in such exhibits. The appellant, however, took the stand at the hearing on punishment and admitted on direct examination he was the person so previously convicted in all the exhibits introduced by the State. Under such circumstances, we perceive no reversible error.

■ Although no motion for an instructed verdict was made, the appellant complains the "trial court committed *fundamental* error in submitting the case to the jury because the evidence failed to prove an entry by force into the building." In light of the evidence of the sprung lock, the pry marks, the damaged keyhole, the ransacked office and the missing tools and equipment, etc., we reject appellant's contention. See 10 Tex.Jur.2d, Burglary, Sec. 78, p. 235.

Ground of error #2 is overruled.

In grounds of error #3 and #4 appellant claims *fundamental* error was committed when the court admitted testimony of an extraneous offense which was also contrary to a granted motion in limine.

■ The rule requiring the exclusion of proof of extraneous or other crimes has exceptions and, where one of the exceptions is applicable, the prosecution may properly show the commission of another burglary. It must be remembered that relevant evidence is not rendered inadmissible by the circumstance that it shows the commission of another crime.

The extraneous offense was admissible in this circumstantial evidence case to show identity, intent, system, etc., and further was relevant evidence even though it tended to show the commission of another offense since it related to the time and the circumstances under which the appellant was discovered in unexplained possession of recently stolen property. See 4 Branch's Ann.P.C., 2nd ed., Sec. 2538, p. 870.

The motion in limine was granted when the State announced it could show the possession of stolen property without also showing a *completed* extraneous offense. Part of the problem in the case may well have stemmed from the State's effort to limit itself in this regard.

Grounds of error #3 and #4 are overruled.

The judgment is affirmed.