Bobby Gene WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43055.

Court of Criminal Appeals of Texas.

Sept. 23, 1970.

Thomas A. Autry, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Dain P. Whitworth, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for burglary with intent to commit theft. Two prior convictions for felonies less than capital were alleged for enhancement. The punishment was assessed at life.

The record reflects that a service station in Austin belonging to George Allman was entered at night after a padlock on a door was broken, and six tires were stolen. Four of the stolen tires were found at the home of Floyd Wilson, a brother of appellant. Floyd Wilson testified that he bought the tires from appellant and put them in his garage on the 10th day of December, 1968, the date the burglary was discovered. George Allman later identified the tires as those stolen in the burglary.

 Appellant contends that the evidence does not show that he was connected with the burglary and is therefore insufficient to support the verdict.

The rule is well settled that unexplained possession of property recently stolen from a burglarized building is sufficient to support a conviction for burglary with intent to commit theft. Todd v. State, 170 Tex. Cr.R. 552, 342 S.W.2d 575; Bernadett v. State, 166 Tex.Cr.R. 621, 317 S.W.2d 747; and 4 Branch's Ann.P.C.2d, Sec. 2537, pages 866 and 867.

The record contains no explanation by appellant of his possession of the recently stolen tires. The evidence is sufficient to support the conviction.

■ Appellant contends that his retained trial counsel did not adequately represent him.

In Williams v. Beto, 354 F.2d 698 (5th Cir. 1965), the court held that the test for ineffective assistance of counsel is whether the trial was a mockery of justice, or was shocking to the reviewing court, or perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference or preparation.

In the present case counsel had sufficient time to prepare. She was listed on the docket as attorney for appellant on March 6, 1969, and the case was not tried until May 19, 1969. Counsel cross-examined witnesses and made objections to testimony. There is no showing that reasonably effective assistance of counsel was denied appellant.

Several complaints evidently suggested by the appellant for counsel on appeal to present are set out in the brief. These complaints are not supported in the record. They present nothing for review.

The judgment is affirmed.