Leonard Rudolph **THOMAS, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43162.

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Rehearing Denied Dec. 9, 1970.

Larry Bales, Austin, for appellant.

Robert O. Smith, Dist. Atty., Robert A. Huttash, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 62, Vernon's Ann. P.C., 12 years.

Appellant contends the evidence is insufficient to support the conviction since the testimony of the accomplice witness, Tommy Thomas, was not corroborated.

Mrs. Robert Mauck, a neighbor of Dr. J. E. Peavy, related that at approximately 2:30 p. m. on January 3, 1969, she saw two Negro men park an old black Cadillac convertible bearing license number RRV535 near the garage of the Peavy residence and later emerge with a television set and other items of personal property. She immediately called Mrs. Diann Cox, Dr. Peavy's daughter, who resided at the residence, at her place of employment and informed Mrs. Cox of her observations. Mrs. Cox then called the Sheriff's office. The testimony of Mrs. Roland Gamble, another neighbor, was similar to that of Mrs. Mauck.

Deputy Sheriff Loney on his way to the Peavy residence after receiving Mrs. Cox's call observed a black Cadillac bearing the license number he had been given stalled on the Expressway approximately two miles from the Peavy home. The appellant and his brother Tommy Thomas were in the car. A search of the car with appellant's consent produced the items taken from the Peavy home including the television set and a jewelry box containing two diamond rings. Both individuals refused to make an explanation as to their possession of such items. Dr. Peavy, Commissioner of Health for the State of Texas, came to the scene and identified his property. He related he had not given the appellant or anyone else permission to break and enter his house. The point of entry was shown to have been a door leading into the house from the garage.

Tommy Thomas, the 13 year old brother of the appellant, testified for the State and revealed that he, one James Harvey Neal and Neal's girlfriend Mae, and the appellant had gone in the appellant's black Cadillac to the Peavy house on the date in question; that Neal and the appellant had entered the house and removed the items mentioned; that when the car stalled Neal and his girlfriend left to obtain another automobile and he was with his brother when Deputy Sheriff Loney arrived on the scene.

The court charged the jury that Tommy Thomas was an accomplice witness as a matter of law.

Article 38.14, V.A.C.C.P., provides as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

In Edwards v. State, Tex.Cr.App., 427 S.W.2d 629, 632, it was stated:

"The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not. Dalrymple v. State, Tex.Cr.App., 366 S.W.2d 576; Bradford v. State, 170 Tex.Cr.R. 530, 342 S.W.2d 319."

■ It is clear from the evidence recited that there was other evidence, independent of that of the accomplice witness, tending to connect the appellant with the crime charged. In fact, as the State points out, the evidence is sufficient to sustain the conviction without regard to the accomplice witness' testimony at all. Where the evidence shows the burglary of the house in question by someone coupled with proof of appellant's unexplained possession of property recently stolen from such house, the evidence is sufficient to sustain a conviction for burglary. Adame v. State, Tex.Cr.App., 372 S.W.2d 545; Sharp v. State, Tex.Cr.App., 421 S.W.2d 663; Todd v. State, 170 Tex.Cr.R. 552, 342 S.W.2d 575; 4 Branch's Ann.P.C., 2d ed., Sec. 2537, p. 866.

■ The appellant also advances the contention that Tommy Thomas' testimony was coerced and should not have been considered. While the 13 year old did not so testify and expressly state no one had stated he might have to go to "Gatesville"[1] appellant relies upon the testimony of Lester Anthony Stanley, who claimed to be the stepfather of the appellant and his brother. Stanley, who was in jail on forgery and burglary charges and who had been convicted of possession of narcotics, testified that Tommy had told him (Stanley) that he (Tommy) had been informed by the police "he was going to get in lot of trouble—something about Gatesville until he was twenty-one years old—he could get in trouble if he didn't tell about his brother or the fellows with his brother, something like that, was supposed to have been with his brother, or something of that nature."

Appellant relies upon Venable v. State, 84 Tex.Cr.R. 354, 207 S.W. 520 and Hamilton v. State, 68 Tex.Cr.R. 419, 153 S.W. 331. This case is a far cry from those decisions. There was no special requested charge nor an objection to the charge. The jury heard the testimony and was the judge of the facts, the credibility of witnesses and the weight to be given to their testimony. Further, as noted above, Tommy Thomas' testimony was not essential to a conviction in this case.

The judgment is affirmed.

1. State Training School for Boys operated by the Texas Youth Connell located as Gatesville.