**Ediston Barney HALL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45734.**

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

John R. Lee, Kermit, for appellant.

Calvin W. Wesch, Dist. Atty., Kermit, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

---

## OPINION

JACKSON, Commissioner.

The conviction is for burglary with intent to commit theft; the punishment, four (4) years.

The record reflects that at approximately 4:10 A.M. on March 24, 1970, Officer Billy Gene Crawford of the Kermit Police Department was on routine patrol. Just outside the city limits of Kermit, he noticed that the door to the Kermit Rental Tools building was open. On closer examination, the officer found that the glass had been broken out of the door and part of the door jamb was missing. Ordinarily, the door at the Kermit Rental Tools had been kept locked. Officers Bocho Mendez and Crawford checked the inside of the building. At approximately 4:28 A.M., Deputy Sheriff Bill Sage arrived. A few minutes after Sage arrived, the owner, George Campbell, arrived at the scene. When Deputy Sage arrived, he found that one of the other doors had been pried on. Sage made an investigation for latent fingerprints, but found none. An attempt was made to get footprints and car tracks, but it was unsuccessful. Later that morning, a Teletype was placed by the Winkler County sheriff's office for other authorities to be on the lookout for certain elevators that had been stolen. That afternoon, the Winkler County sheriff's office received a call from the sheriff's office in Andrews. As a result of that call, Sage contacted George Campbell and Bill Jackson and took them to the sheriff's office in Andrews. They then went to the H & H Tool Rental, just south of Andrews, where they were shown some BJ type elevators. Both Campbell and Jackson identified the elevators, and they were returned to Kermit. The two elevators had two serial numbers, 68 and 70. The casting number on 68 was 28751 43, and on 70 was 28751 49. The letters JR were burned into both. These elevators were subsequently released to Campbell; however, polaroid pictures were made of them.

Ellis Clement of the H & H Drilling Company in Andrews testified that on March 24, 1970, he received a call from Odessa, Texas, asking him if he wanted to buy some elevators. The person calling identified himself as Hall and asked if he could bring the two elevators to Andrews to see if Clement was interested in buying them. Later, a person identifying himself as Barney Hall came to Clement's company and showed him two elevators. Hall indicated that he had bought the elevators at Bill Jackson's sale in Kermit and asked $300 apiece for the elevators. Hall gave Clement a bill of sale for the two elevators and signed the same "Ediston Barney Hall," which was admitted in evidence. Clement positively identified the appellant as the person who delivered the two elevators. Clement took numbers off the two elevators and wrote them down on the bill of sale. These numbers were 28751 43 and 28751 49. Although there was another person there at the time the transaction was made, the whole transaction took place between Clement and appellant.

Bill Jackson testified that in March of 1970 he was in the rental tool business in Kermit. On March 19 and 20, 1970, he had an auction at his place of business, at which time he sold some slip type elevators, which contained the brand JR on the back side. Approximately four days after the auction, he had occasion to go to Andrews with Deputy Sage and George Campbell to visit with Clement at the H & H Tool Company. While there, he observed two elevators which had the brand JR on them and identified them as being elevators which he had sold to the Kermit Rental Tools Company. He further testified that during the auction sale he had placed the numbers 121, 122 and 123 on the elevators so that they could be identified by the auctioneer.

George Campbell, the owner of Kermit Rental Tools, testified that on March 24, 1970, he had a call to go to his place of business and found that the glass on the front door had been broken in and the

door was standing open. While checking on the inside of the building, he noticed that his LYT elevators were missing. These were elevators that he had purchased at the Bill Jackson auction on the 19th. At the time of the auction, he had seen appellant. He gave the police the auctioneer's numbers of the elevators, which were the only numbers that he had. After further investigation, he determined that only two sets of JB–LYT elevators had been stolen that night. These elevators had been located in the extreme back portion of the store and in the center of the building. Campbell did not give the appellant his consent to break into the building or to take anything therefrom. He locked the building that night. Campbell went with Deputy Sage and Bill Jackson to the H & H Rental Tool Company in Andrews. While there, Clement showed Campbell two elevators which Campbell positively identified as those being stolen from his place of business.

No evidence was presented in appellant's behalf.

■ In grounds of error one through ten, and fourteen through fifteen, appellant complains that there is no evidence or insufficient evidence to support the conviction.

The summary of the evidence above shows that Campbell's place of business was broken into and two elevators were taken from inside that building without his consent. The record further reflects that appellant was in possession of the stolen elevators less than 12 hours after the burglary was discovered.

In 4 Branch, Sec. 2537, it is stated:

"If the State proves the burglary as alleged was committed by someone and based on proof that defendant was found in possession of property recently stolen from the burglarized house the jury have found defendant guilty of the bur-

glary, and that finding has been approved by the trial court whose duty it is to set aside the conviction if not satisfied that the defendant is guilty as charged, the judgment will be sustained on appeal unless clearly wrong if there are facts or circumstances in evidence which justify the jury in disbelieving the defendant's explanation of such possession if any be made."

See also Amaya v. State, Tex.Cr.App., 473 S.W.2d 476; Smith v. State, Tex.Cr. App., 472 S.W.2d 121; and Wilson v. State, Tex.Cr.App., 457 S.W.2d 902.

We hold that the evidence is amply sufficient to show that appellant was in possession of property recently stolen from the burglarized house.

In grounds of error seven through ten, appellant, relying on Henson v. State, 151 Tex.Cr.R. 297, 207 S.W.2d 386, contends that the evidence is insufficient to show that appellant had exclusive possession of the property in question. In Henson, the defendant was shown to be standing beside an automobile in which certain stolen property was found. The defendant there offered an alibi to the effect that he could not have committed the burglary in question. There, the automobile in question was shown to belong to the defendant's brother, Ray Henson. There, the Court stated that the brother and not the defendant was in possession of recently stolen property. In this case, as discussed above, although Clement testified that another person was there at the time of the transaction Clement dealt only with the appellant. It was appellant who delivered to him the stolen property. It was appellant who gave the bill of sale for the property, and it was to appellant that Clement made out his check.

In grounds of error fourteen through fifteen, appellant complains that there is insufficient evidence to show that the stolen property was in the burglarized build-

ing at the time it was burglarized. As shown above, we hold that the evidence is amply sufficient.

In grounds of error twelve and thirteen, appellant claims that his in-court identification was tainted by the showing of only one photograph to the witness Clement. First, it should be noted that the question of Clement's identification of appellant was first brought out on cross-examination by appellant. Further, when Clement identified the appellant in open court, appellant made no objection. Appellant's failure to object to the in-court identification presents nothing for review. Martinez v. State, Tex.Cr.App., 437 S.W. 2d 842, and Green v. State, Tex.Cr.App., 467 S.W.2d 481.

In his eleventh ground of error, appellant complains that the doctrine of the unexplained possession of recently stolen property is contrary to his privilege against self-incrimination under the Fifth and Fourteenth Amendments to the Constitution of the United States. No cases are cited. It should be pointed out that the trial court did not instruct the jury that if the appellant had unexplained possession of recently stolen goods he would be guilty of burglary. In the cases of United States v. Cook, 419 F.2d 1306 (5th Cir. 1969), and United States v. Andrews, 429 F.2d 574 (5th Cir. 1970), such an instruction was given to the jury and approved. In Cook, the Fifth Circuit, relying on United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L. Ed.2d 658, found a similar instruction not to be a violation of an appellant's Fifth Amendment rights.

We overrule all of appellant's grounds of error.

The judgment of the trial court is affirmed.

Opinion approved by the Court.