Washington v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-197-CR

     DARREN ERWIN WASHINGTON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 184th District Court
Harris County, Texas
Trial Court # 661,027
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Darren Erwin Washington was charged by indictment for burglary of a building,
with two previous felony convictions. He pleaded not guilty, but a jury found him guilty. 
Appellant pleaded true to the two enhancement paragraphs, and after a punishment hearing the trial
court found the two enhancement paragraphs true and assessed his punishment at forty (40) years
in the Texas Department of Criminal Justice, Institutional Division.
      Appellant comes to this court on one point of error, to wit, that the evidence was insufficient
to support the guilty verdict.
      In reviewing the sufficiency of the evidence, we are required to determine whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979); Butler v. State, (Tex. Crim.
App. 1989) 769 S.W.2d 234, 239. Circumstantial evidence cases have no different standard of
review than those cases supported by direct evidence. Butler, supra. Both entry and intent may
be established by circumstantial evidence. Draper v. State, (Tex. App.--Houston 14th 1984) 681
S.W.2d 175, 177, petition refused. When a defendant is found in recent, unexplained possession
of all or part of the items taken in a burglary, that evidence is sufficient to convict for the
burglary. In order to warrant the inference of guilt from possession of stolen property, such
possession must be personal, recent, and unexplained and must involve a distinct and conscious
assertion of property rights by the accused. Jackson v. State, (Tex. Crim. App. 1983) 645 S.W.2d
303, 306.
      It is not necessary that the accused be found in the immediate, actual possession of the
property taken in a burglary. Beard v. State, (Tex. Crim. App. 1970) 458 S.W.2d 85, 87. Where
the accused is in close juxtaposition to the stolen property when discovered, the inference arises. 
See Sanders v. State, 155 Tex. Cr. R. 90, 231 S.W.2d 413.
      Bearing in mind the foregoing rules and authorities, we now recite the pertinent evidence:
      G. Garcia, Jr., a police officer for the City of Houston, testified that on the night of April 1,
1993, he was on patrol. At 11:30, he and his partner, Officer Trapani, received an alarm call
from a Chevron station at Scott and North MacGregor. They arrived a minute or two later and
saw a broken window in the garage door. Blood was on the glass and inside and outside of the
garage.
      Trapani posted himself at the station while Garcia followed the trail of blood to a car shed
behind a nearby, vacant apartment building. At the shed, Garcia found two new but bloody tires
of the type stocked by the Chevron station.
      Garcia continued following the trail of blood to a ground floor apartment on Rosedale. The
blood outside this apartment was smeared as if someone had hurriedly tried to clean it up. After
posting two other officers at the back of the apartment, Garcia knocked on the front door. A man
answered and allowed Garcia to enter. Inside, Garcia saw Appellant lying down with a bleeding
hand wrapped in a towel. Garcia also saw tires in the bathroom. There was one other man in the
apartment. Appellant was the only occupant of the apartment who was bleeding. Garcia asked
him how he cut his hand, and he answered, "You know how I did it."
      B.K. Walter, a patrol officer, testified that he assisted Officer Garcia in following the blood
trail. When Garcia entered the apartment, Walter watched the back of the apartment. After
Garcia arrested Appellant, Walter entered the apartment and saw two new tires in the bathtub. 
They had blood on them. Walter recovered the tires, and the complainant identified them as his.
      Walter Parker, another patrol officer, testified that, when Appellant was arrested, he had a
severe cut to his hand. His bandage and his bed were soaking in blood. Two bloody tires were
in the bathtub.
      Earl Swindle, the owner of the Chevron station, testified that on April 1, 1993, he received
an alarm call indicating that his station was being burglarized. The police were already there when
Swindle arrived 15 minutes later. Four tires were missing from one of the tire racks. The police
eventually brought four bloody tires to his station. Swindle recognized the tires because he had
written out the tags that were on them. The station had closed that night between 8:30 and 9:00,
and Swindle did not give Appellant permission to later enter the building.
Appellant was the only occupant of the apartment at the end of the blood trail that was bleeding. 
The blood trail labelled him as the possessor of the stolen tires, and consequently, the burglar. 
Any rational fact finder could have found him guilty.
      We find the evidence amply sufficient to sustain the conviction, and accordingly affirm the
trial court's judgment.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed May 4, 1994
Do not publish