## RICHARD KNOX v. THE STATE.

No. 10836.   Delivered April 20, 1927.

**1.—Manufacturing Intoxicating Liquor—Accomplice Testimony—Corroboration Sufficient.**

Where appellant and others were discovered by officers in a house occupied by Richard Stone, in which was found a quantity of whiskey and three stills, one of which was in operation, the appellant being in the room with the still in operation, and when the officers appeared he attempted to escape, these facts were sufficient to corroborate the testimony of the accomplice Stone, that appellant was the owner of and was operating the still.

**2.—Same—Evidence—Attempt to Escape—Is Evidence of Guilt.**

Appellant's presence, sitting near the still in operation, and his attempt to flee when the officers appeared, at least "tended" to connect appellant with the commission of the offense. In the case of Wilkerson v. State, 60 Tex. Crim. Rep. 388, it is stated, "We also think it proper for the state to show attempt on the part of appellant to escape. Escape, flight, and attempt to escape, are always admissible as evidence of guilt."

Appeal from the District Court of Lubbock County. Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Marshall & Stewart* of Lubbock, and *Harris & Harris* of Austin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully manufacturing intoxicating liquor, and his punishment assessed at two years in the penitentiary.

The record discloses that on or about July 13, 1926, the state's witnesses Vernice Ford and Terrill Williamson, deputy sheriffs, searched a house occupied by Richard Stone and there found three stills, one in operation and the other two connected but not in operation. The appellant and Richard Stone were sitting close to the still in operation and a negro by the name of Jesse Amos was in the room nearby. There were several sealed jars of whiskey in the room in addition to the whiskey being manufactured. When the witness Ford entered one of the two doors in the house, the appellant ran to the other door in an effort to escape, but was intercepted by Officer Williamson and ordered back into the house. Richard Stone took the stand in behalf of the state and testified that the appellant brought to his house the cans and coils and all the equipment used in the manufacture of said whiskey, except one of the stoves, and agreed to pay him $15.00 if he would permit appellant to make the run of whiskey in question in his house; and that under said agreement the appellant and Amos had cooked part of the whiskey found in the house, using the stills which were not in operation when the officers entered and found the still in operation on the stove belonging to the witness Stone. The appellant defended upon the ground that he had no interest whatever in the whiskey; that the whole equipment was the property of Richard Stone; and that he had only gone out there for the purpose of getting some whiskey.

The only contention raised on this appeal by the appellant is that the evidence is insufficient to warrant the conviction, in that there is no evidence, outside of the accomplice Stone's testimony, tending to connect him with the offense. We are unable to agree with this contention. Art. 718, C. C. P., only requires the accomplice's testimony to be "corroborated by other evidence *tending* to connect the defendant with the offense committed." This court has frequently held, in construing this article, that if the evidence, outside of that of the accomplice, tends to connect the defendant with the offense, or points to his guilt, then in such event the corroboration is sufficient. We think the state's evidence, as produced by the officers, showing that the appellant was sitting near the still in operation and attempted

to flee when he observed the officers, was sufficient corroboration to connect the appellant with the offense charged and point to his guilt.    In the case of Wilkerson v. State, 60 Tex. Crim. Rep. 388, 131 S. W. 1108, it is stated:

"We also think it was proper for the state to show attempt on the part of appellant to escape.    Escape, flight and attempts to escape are always admissible as evidence of guilt."

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.