WAYNE LEE CAWLEY v. STATE

No. 29,219. November 20, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 12, 1958.

*C. S. Farmer,* Waco, for appellant.

*Lucius D. Bunton,* District Attorney, Marfa, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is a companion case to that of Debs Crawford v. State, No. 28,917, 165 Texas Cr. Rep. 147, 305 S.W. 2d 362.

Appellant was found guilty of the felony theft of a string of oil well pipe or tubing and, the jury finding that he had been previously convicted of felony theft (as alleged and proved), judgment was entered fixing his punishment at ten years in the penitentiary.

One James F. Moncrief, who admitted his participation in the theft of the tubing and was therefore an accomplice witness, testified fully regarding the theft and the sole question is whether or not his testimony was sufficiently corroborated.

The accomplice testified that after leasing a truck for the purpose of stealing pipe, and obtaining a second truck after the first broke down, he and Debs Crawford drove the truck from Lubbock and, pursuant to their agreement with Ray Crawford and the appellant, Wayne Cawley, met at a cafe operated by a Negro woman adjoining a beer joint in the northwest part of Reagan County.

According to the accomplice Moncrief, in addition to the Negro woman operator there was a white woman and a teenage boy in the cafe. The four ordered steaks and after eating left the cafe about 9:30 P.M., the appellant in his car accompanied by the woman they had seen in the cafe, and the other three in the truck. They parked the truck somewhere on the highway and appellant and the woman came by and stopped and some thirty or forty-five minutes later they pulled off the oil field road, appellant having rejoined them without his woman companion. The four then proceeded to the well where there were two stacks of pipe. They loaded one stack and left, appellant driving the truck.

The tubing was unloaded at Post where the evidence shows

it was sold by Debs Crawford and was afterwards found there and was identified as that stolen from the lease in Reagan County.

In addition to evidence supporting the accomplice's testimony as to the leasing of the truck and the delivery of the tubing, and evidence showing the sale of the tubing by Debs Crawford at Post, Texas, the evidence relied upon by the state to corroborate the testimony of Moncrief, the accomplice witness, follows:

Bessie Sibley testified that she was in the cafe operated by Mamie Young, a colored woman, with her nephew Jerry Fuller, and saw appellant there with "three other guys"; that she was at the cafe at the time they ate; that she left the cafe with appellant who took her to her home some twelve miles away; that en route appellant stopped one time, got out of the car and stayed about five minutes, during which time she heard him talking but did not see anybody; that the other three men left the cafe before she and the appellant did.

It was stipulated that the cafe was located in the northwest part of Reagan County, which would be northwest of Big Lake, and the evidence shows that the tubing was taken from the Leonard Proctor-Stanolind lease, in the northwest part of Reagan County.

Mamie Young, the owner of the cafe, testified that there were no other colored cafes closer than Midland. She identified appellant as one of four men who ate steaks at the cafe while Mrs. Sibley and her nephew were there.

Jerry Fuller testified that he was at Mamie Fuller's cafe on or about March 9, 1956, Friday night. He identified appellant as one of four men who ate supper there and as the man who left the cafe with his Aunt Bessie Sibley.

The tubing was stolen on the night of March 9, 1956, and appellant was thereafter arrested and indicted for his part in the crime.

While confined in jail under this charge, appellant and Debs Crawford made their escape from jail, bars being sawed. They fled to the State of Kansas where they were apprehended and returned under process of extradition.

Art. 718 C.C.P. provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

An accomplice witness can be corroborated by circumstances. Pope v. State, 81 Texas Cr. R. 54, 194 S.W. 590; Tyler v. State, 78 Texas Cr. R. 279, 180 S.W. 687; Reed v. State, 118 Texas Cr. R. 307, 40 S.W. 2d 97; White v. State, 129 Texas Cr. R. 59, 84 S.W. 2d 465; Langford v. State, 121 Texas Cr. R. 5, 50 S.W. 2d 808.

When unexplained, flight has long been deemed indicative of a consciousness of guilt. "The wicked flee when no man pursueth - - - ." Proverbs 28:1.

Evidence of flight is admissible where one is charged with an offense, on the ground, in substance, that it is some evidence of guilt, and amounts in effect to a quasi admission of guilt of the offense charged. Damron v. State, 58 Texas Cr. R. 255, 125 S.W. 396.

Escape, flight and attempts to escape are always admissible as evidence of guilt. Wilkerson v. State, 60 Texas Cr. R. 388, 131 S.W. 1108, 1111. But presence in the vicinity of a crime and flight is not alone sufficient to sustain a conviction. Hilson v. State, 101 Texas Cr. R. 449, 276 S.W. 272.

Where evidence of flight has been received the defendant may explain his actions. Chastain v. State, 97 Texas Cr. R. 182, 260 S.W. 172.

Appellant offered no such explanation and the evidence stands as a circumstance tending to prove that he committed the theft of the tubing with which he was charged and now stands convicted.

The following quotations from 22 Corpus Juris Secundum, pp. 1404 and 1405, cited by the state, appear to us to announce a correct rule and support the state's contention that the evidence is sufficient to corroborate the testimony of the accomplice witness.

"Sufficient corroboration of the testimony of an accomplice

to warrant a conviction may be furnished by the suspicious conduct of accused, such as flight after the crime was committed, - - - ."

"Proof that accused was at or near the scene of the crime at or about the time of its commission is admissible in corroboration of the testimony of the accomplice, and may tend to connect accused with the commission of the crime, so as to furnish sufficient corroboration to support a conviction when coupled with suspicious circumstances, such as - - - being in the company of the accomplice, - - - subsequent flight - - - ."

The case of Knox v. State, 106 Texas Cr. R. 556, 293 S.W. 1111, appears to support our holding. See, also, Nichols v. State, 91 Texas Cr. R. 277, 238 S.W. 232, 235, where we said that the evidence tending to show flight was relevant and that discrediting incidents developed in connection with proof of flight "appeared but res gestae of the flight and corroborative of the accomplice witness."

The judgment is affirmed.