VICTORIANO CHAVEZ V. STATE

No. 31,739. April 27, 1960

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

412 

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, 14 years.

Officer Johnson of the Odessa police testified that while on patrol he observed Joe Munoz, Felipe Nabarette and appellant walking down the street together, that Munoz had a brown paper bag in his hand, that as they passed each of the three men turned and looked at the police automobile in which he and his fellow officer were traveling, that when he observed this conduct on their part he made a U turn and as he again approached the parties Munoz dropped the paper bag, stooped and picked it up, and all three of the men ran into a tourist court nearby. A search of the tourist court area revealed the three men hidden at different places, and near where Munoz was found the officers recovered a brown paper sack which, from the testimony of a chemist, was shown to contain marijuana.

Munoz, who had been convicted for the offense in question, testified for the state that he and Nabarette and appellant had driven from Odessa to Juarez in Mexico in appellant's automobile where they purchased the marijuana which he hid in the tourist court after the officers gave chase, each of them paying his proportionate share of the purchase price.

Appellant did not testify in his own behalf. No brief has been filed, and the only question presented is the sufficiency of the evidence to support the conviction. We have concluded that the fact that appellant was walking with Munoz who was carrying marijuana and broke, ran and hid as officers approached him, which is corroborative of Munoz's testimony, was sufficient evidence that he was acting as a principal in the possession of the contraband, under the authority of Cawley v. State, 166 Tex. Cr. Rep. 37, 310 S. W. 2d 340. See also Knox v. State, 106 Tex. Cr. Rep. 556, 293 S.W. 1111, and Modica v. State, 94 Tex. Cr. Rep 403, 251 S. W. 1049.

Finding no reversible error, the judgment of the trial court is affirmed.