Leroy BROWNING, Appellant,

v.

The STATE of Texas, Appellee.

No. 42486.

Court of Criminal Appeals of Texas.

Jan. 14, 1970.

Rehearing Denied March 11, 1970.

J. K. Chargois, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Fred Heacock, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault. A prior conviction was alleged for enhancement; the punishment, life.

The sole complaint is that the evidence is insufficient to corroborate an accomplice witness and is therefore insufficient to support the conviction.

Lewis Webb testified that he was manager of a grocery store in Houston when, at about eleven thirty o'clock at night, appellant and two other men entered the store. Appellant and one man went to the counter and bought some chewing gum and started to leave. The third man (Emit Square) stuck a gun in Webb's ribs and asked for the money. Because of a fear of his life or serious bodily injury, Webb obliged. After a customer entered, Square ordered Webb outside the store. As Webb walked around the counter, he grabbed the gun and kept Square's arm extended and then locked the door to prevent the other men from returning. With the help of the customer, he wrestled Square to the floor and held him until police arrived.

Marvin Farriel, the accomplice witness, testified that he, Emit Square and appellant entered the grocery store together and that he and appellant stayed at the counter while Square walked to the back. While he and appellant were leaving, they heard a commotion which sounded like a fight.

They ran back to the car and decided not to wait for Square and drove away. In a short time they returned to see if Square escaped and saw a police car.

Farriel testified that before the robbery and while at appellant's house, he, appellant and two others discussed robberies. Appellant, in an attempt to locate a gun, called Emit Square. The group picked up Square and then drove around looking for a place to rob and decided on the grocery store.

The evidence is sufficient to show that appellant was a principal. Article 65, Vernon's Ann.P.C., provides:

"All persons are principals who are guilty of acting together in the commission of an offense."

Russell v. State, Tex.Cr.App., 396 S.W. 2d 117, held that evidence against one who was with the robbers at the time of the robbery and arrest but was not actually seen to participate actively in the robbery was sufficient to support the conviction for robbery.

Article 69, V.A.P.C., provides:

"Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act."

See Westfall v. State, Tex.Cr.App., 375 S. W.2d 911, and 2 Branch's Ann.P.C.2d, Sec. 748, supp. p. 11, and the authorities there cited.

The evidence is sufficient even without the testimony of accomplice witness Farriel. However, there is sufficient evidence to corroborate his testimony. Square, the actual robber, *called by appellant,* testified that he, appellant and three others were in the car together and that appellant and Farriel went into the store before he did. He further testified that four of them drove by for him before the robbery.

Considering the evidence most favorable to the State, appellant was a participant in the robbery.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

On rehearing appellant contends this court did not fairly consider and determine the sole question he raised on original submission. He particularly complains about the following paragraph from the original opinion:

"The evidence is sufficient even without the testimony of accomplice witness Farriel. However, there is sufficient evidence to corroborate his testimony. Square, the actual robber, *called by appellant,* testified that he, appellant and three others were in the car together and that appellant and Farriel went into the store before he did. He further testified that four of them drove by for him before the robbery."

He vigorously contends that without the evidence of the accomplice witness the testimony showed only his mere presence at the scene prior to the alleged robbery and that this is insufficient to constitute him a principal to the crime charged. Further, appellant complains the court misinterpreted, or failed to reveal that Square, testifying for the defense, related that he alone had planned and executed the abortive robbery and that the appellant and others had no knowledge of his intentions even though they had been together prior to such time. He contends that even if the court looks to Square's testimony, the evidence as a whole is insufficient to corroborate the accomplice witness Farriel.

What appellant overlooks is that the validity of the conviction is not dependent upon a finding that the appellant was a principal without any consideration at all of Farriel's testimony, or the necessity of considering Square's testimony in order to find sufficient evidence to corroborate Farriel.

Article 38.14, V.A.C.C.P., provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

In Edwards v. State, Tex.Cr.App., 427 S.W.2d 629, this court said:

"The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not. Dalrymple v. State, Tex.Cr.App., 366 S.W.2d 576; Bradford v. State, 170 Tex.Cr.R. 530, 342 S.W.2d 319."

The accomplice witness Farriel made out a complete case against the appellant. The complaining witness Welch not only placed the appellant at the scene and established the commission of the offense alleged but related appellant came into the store with Square and another man either together or at approximately the same time, and then drew him (Webb) to the counter by the purchase of chewing gum; that just after appellant left Square stuck a gun in his ribs.

■ While evidence of mere presence alone is not sufficient, it has been held many times that "[w]here the evidence of the accomplice witness makes out a complete case against the defendant, the accomplice is sufficiently corroborated by other proof showing that a crime was committed and that the defendant was present with the accomplice at the very time of such commission." 1 Branch's Ann.P.C., 2nd ed., Sec. 748.

In Bird v. State, Tex.Cr.App., 423 S.W. 2d 919, this court said:

"The rule which we deem applicable is found in Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340:

" 'Proof that accused was at or near the scene of the crime at or about the time of its commission is admissible in corroboration of the testimony of the accomplice, and may tend to connect the accused with the commission of the crime, so as to furnish sufficient corroboration to support a conviction when coupled with suspicious circumstances, such as * * * being in the company of the accomplice, * * * subsequent flight * * *.' "

We remain convinced that the evidence was sufficient to corroborate the accomplice witness even without reference to Square's testimony.

Remaining convinced the proper result was reached on original submission, the appellant's motion for rehearing is overruled.