**Leon ROSS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43448.

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

Merrill L. Hartman, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr. and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

The offense is burglary; the punishment was assessed by a jury at 10 years confinement in the State Department of Corrections.

Appellant contends the evidence is insufficient to support the conviction since the testimony of the accomplice witness, Wilmer Houston, was not corroborated.

Carl Barham testified that he was the manager of a Reynolds-Penland clothing store and that on the 18th day of July, 1969, the doors of the store were closed and a burglar alarm was secured at about 5 or 10 minutes after 5:30 P.M. At 3:42 A.M. on July 19, 1969, the burglar alarm

was "set off," after which he and the police were notified. He stated that he arrived at the store at approximately 4:00 A.M. and found a glass door "smashed in," leaving an opening therein large enough for a man to get through. He ascertained that 19 sport coats and 15 suits were missing. Later that morning he went to the police station and identified the clothing missing from his store. He related that he had not given the appellant or anyone else permission to break and enter the store.

Officer McCarroll, of the Dallas Police Department, testified that just before 4:00 A.M., July 19, 1969, he stopped a car because it had loud mufflers. The appellant, Wilmer Houston and Gary Boyd were in the car. The officer approached the car and asked appellant, the driver, for his driver's license; appellant told him that he had no driver's license; then, upon request for some identification, appellant handed him a "parking card" with the name Woodie Hardin on it.

The officer testified: "After I got the I.D. from him and told him to step out of the car and to the rear of the car, and then asked the other two occupants what their name was, and got some I.D. from them, and then I walked back to the rear of the car and there was a coat sleeve partially hanging out of the trunk." He then "went back to the squad car and called for a cover squad." At this time appellant ran and was not apprehended that night. The trunk was opened and therein were the clothes later identified by Carl Barham. At the time the car was stopped, it was going in a direction away from the Reynolds-Penland store, about 15 minutes driving time therefrom.

Gary Boyd testified that appellant and Wilmer Houston gave him a ride just before they were stopped and he knew nothing of a burglary.

Wilmer Houston testified that he and the appellant burglarized the store.

The court charged the jury on the law of principals and that Wilmer Houston was an accomplice witness as a matter of law.

The evidence reflects unexplained possession of recently stolen property; parties working together and exercising joint control and possession of the stolen clothes; close juxtaposition to the property; and flight of appellant. This is sufficient to support the jury's verdict without regard to the accomplice's testimony. Thomas v. State, Tex.Cr.App., 459 S.W.2d 842; Beard v. State, Tex.Cr.App., 458 S.W.2d 85; Preston v. State, Tex.Cr.App., 457 S.W. 2d 279. With the accomplice testimony the evidence is clearly sufficient. Thomas v. State, supra; Edwards v. State, Tex.Cr. App., 427 S.W.2d 629; Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340.

We overrule without discussion appellant's claim that his trial attorney was ineffective. We find his representation to be adequate.

The judgment is affirmed.