Glenn Ray CLARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45914.

Court of Criminal Appeals of Texas.

March 28, 1973.

See Parham v. State, 156 Tex.Cr.R. 578, 244 S.W.2d 809, and Brooks v. State, 161 Tex.Cr.R. 73, 275 S.W.2d 500.

Walter E. Wilson, Odessa, for appellant.

Calvin W. Wesch, Dist. Atty., Kermit, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted of burglary on a plea of not guilty in a trial before a jury. His punishment was assessed at two years.

In his first ground of error, appellant contends that the evidence is insufficient to support the conviction, in that the State failed to introduce evidence independent of the testimony of the accomplice Roger Hobgood tending to connect appellant with the commission of the crime.

The evidence admittedly proved a burglary of Spanky's Bar, owned and operated by Frank Harris, in Kermit on December 22, 1970, sometime between midnight and 7:00 a. m. Among the property stolen were a cigar box containing dimes, quarters and half dollars, and another cigar box full of papers, receipts and bank deposit slips.

During the night of December 21 and early morning hours of December 22, 1970, police officer Sparks, while on patrol duty in his police car, saw appellant and Roger Hobgood together on four occasions, all in Kermit. Sparks testified he saw them at 10:55 p. m. Their car, being driven by appellant, had run out of gasoline and Hobgood had gone after some. Sparks picked up Hobgood and took him and the gasoline back to the car. Sparks again saw them in appellant's car at 11:18 p. m. At sometime between 1:00 a. m. and 1:30 a. m., he saw the two together in a restaurant. Later, at 5:25 a. m., he came across them. They had again run out of gasoline, and Sparks took the two to where they were staying at "Fluff" Mills' home, and left them there. This residence was directly in back of Spanky's Bar.

The burglary was discovered by a janitor at 7:00 a. m., December 22. Officer Bell was called to the scene to investigate. He talked to Harris and learned that among the stolen items were some bank deposit slips of Frank Harris, and some of Spanky's Bar. At noon that day, he had occasion to stop a 1968 Ford car for running a red light. This car was admittedly appellant's car in which appellant and Hobgood had been riding the preceding night. On this occasion, Hobgood was alone in the car. While Officer Bell was standing by the open door writing a ticket, he noticed some deposit slips on the floor of the car with Frank Harris' name on them. He arrested Hobgood and took him to the police station.

Subsequently, on that same afternoon, Hobgood went with Bell and another officer to a place in the country about six or seven miles from Kermit. He showed the officers where the money was buried and some cigar boxes and papers had been partially burned. A cigar box with seventy dollars in dimes, quarters and half dollars was found. Also, several half burned cigar boxes and partially burned receipts and bank deposit slips, some with the name Frank Harris and some with Spanky's Bar, were recovered. These cigar boxes and papers were later identified by Frank Harris as being his, and as having been in Spanky's Bar on the preceding night.

Roger Hobgood testified for the State after being properly admonished by the court. He had known appellant for about a month or six weeks and at the time of the burglary was staying with him at "Fluff" Mills' home. About 5:00 p. m., December 21, 1970, he and appellant started out in appellant's Ford and proceeded to drive and drink most of the night. Sometime between 2:00 a. m. and 3:00 a. m., December 22, they decided to break in Spanky's Bar. He described the details of the burglary, and said they took a "bunch" of cigar boxes, and some money from a cigarette machine. After the burglary, they separated the money in the cigar box-

es from the papers, and drove out from Kermit where they buried the money and tried to burn the papers and deposit slips.

He testified further that when they ran out of gas the second time and Officer Sparks had taken them home about 5:30 a. m., he went to bed. At about 9:00 a. m., appellant asked him to get some gasoline for the car and bring the car home. He said he did not leave Mills' house from 5:30 a. m. until he went out to get appellant's car.

The State introduced evidence that appellant had "jumped" his bond and failed to appear at a previous hearing, and had later been arrested by the Federal Bureau of Investigation in Houston.

Appellant, testifying as a witness in his own behalf, stated that he and Hobgood had been together the night of the burglary, drinking and driving around in his 1968 Ford from about 6:00 p. m., December 21, until about 1:30 a. m., December 22. He said they went to "Fluff" Mills' house, where both were staying, about 1:30 a. m., and he lay down and went to sleep. About 2:30 a. m., he was awakened by Mills and another man and a girl. Hobgood was also in the room. They all sat around and drank and talked and, then, about 4:30 or 5:00 a. m., appellant and Hobgood left in appellant's car to find a girl. They drove around until they ran out of gas, and later Officer Sparks took them to the Mills' house. He agreed that he and Hobgood had been together at all times during the night in appellant's car except for the one hour between 1:30 a. m. and 2:30 a. m. He denied having any connection with the burglary of Spanky's Bar.

The court's charge contained proper instructions on the law of principals, alibi, circumstantial evidence, and of accomplice testimony. Hobgood was an accomplice witness as a matter of law, and the jury was duly instructed that appellant could not be convicted upon the testimony of Hobgood unless that testimony was corroborated by other evidence tending to connect appellant with the offense committed and that the corroboration is not sufficient if it merely shows the commission of the offense.[1]

We hold that the evidence independent of the testimony of the accomplice is amply sufficient to connect appellant with the burglary of Spanky's Bar. The evidence given by Officer Sparks placed him, together with Hobgood, in appellant's car in the vicinity of the burglarized premises. Appellant admits he was with Hobgood at all hours of the night except from 1:30 a. m. to 2:30 a. m. His credibility as to this exception was a matter for the jury. Some of the stolen property was found on the morning of the burglary in appellant's car that he admitted having been driving in and around Kermit at all times that the burglary could have been committed except for the one hour above stated. The issue of flight was admissible as a circumstance of guilt.

This Court, in Bird v. State, Tex.Cr. App., 423 S.W.2d 919, in speaking of the proof required to corroborate an accomplice said:

"The rule which we deem applicable is found in Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340:

" 'Proof that accused was at or near the scene of the crime at or about the time of its commission is admissible in corroboration of the testimony of the accomplice, and may tend to connect the accused with the commission of the crime, so as to furnish sufficient corroboration to support a conviction when coupled with suspicious circumstances, such as * * * being in the company of the accomplice, * * *.' "

See, also Browning v. State, Tex.Cr. App., 451 S.W.2d 234; Perkins v. State, Tex.Cr.App., 450 S.W.2d 855; Rogers v.

---

1. Article 38.14, Vernon's Ann.C.C.P.

State, Tex.Cr.App., 461 S.W.2d 399; Cherb v. State, Tex.Cr.App., 472 S.W.2d 273; Colunga v. State, Tex.Cr.App., 481 S.W.2d 866; Lucas v. State, Tex.Cr.App., 482 S.W.2d 236.

Appellant's first ground of error is overruled.

In his second ground of error, appellant complains of the introduction in evidence of various items recovered by the officers for the reason that the State has failed to prove that said items were in the burglarized premises on the night in question. We disagree.

Frank Harris, owner and operator of Spanky's Bar, testified that he left the premises at 10:00 p. m. on December 21. He then turned the place over to his part time employee Jessie Sheppard. Harris identified the receipts and bank deposits as having been placed in a cigar box by him and as being on a shelf in the place when he left at 10:00 p. m. He also testified of the box of half dollars, quarters and dimes being there when he left. Sheppard said he did not open any of these boxes and did not take any money from the cigar box.

Pictures of the cigar boxes, the money found and the papers and bank deposit slips were made at the scene where Hobgood took the officers. The boxes, money, and deposit slips were identified by Harris as his property taken from Spanky's Bar in this burglary and were properly admitted in evidence.

Appellant's third ground is that the court erred in permitting the State, over objection, to introduce evidence of flight.

The indictment was returned against appellant March 1, 1971, at which time he was out on a $3,000.00 bond. At the State's request, the amount of bail was increased to $7,500.00, but at a hearing on March 15, 1971, with appellant present, it was reduced to $5,000.00. The appellant requested time until the next day to make this bond. However, he failed either to make the bond or to appear on the next day, and was not located until July 4, 1971, on which day he was arrested in Houston.

Appellant testified that his reason for not appearing on March 16 to surrender as agreed was that he could not make the higher bond, and that he left to try to make enough money to pay his attorney.

As stated by this Court in Chastain v. State, 97 Tex.Cr.R. 182, 260 S.W. 172:

"Flight on the part of the accused, following the commision [sic] of the crime, is always provable. The weight to be attached to such testimony is for the jury. If the accused can do so, he may explain the circumstances which caused his absence from the vicinity, but this would not prevent the testimony relative thereto from being admissible."

See, also, Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340; Ysasaga v. State, Tex.Cr.App., 444 S.W.2d 305; Waters v. State, Tex.Cr.App., 491 S.W.2d 119.

The third ground of error is overruled.

Finding no reversible error the judgment is affirmed.

Opinion approved by the Court.