Affirmed and Memorandum Opinion filed May 19, 2005









Affirmed and Memorandum Opinion filed May 19, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00306-CR

____________

 

JOSHUA PAUL
ARMSTRONG,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law No. 2 and Probate Court

Brazoria County, Texas

Trial Court Cause No. 128,929

 



 

M E M O R A N D U M   O P I N I O N

Appellant Joshua Paul Armstrong was
convicted of attempted theft and sentenced to community supervision.  In two issues, appellant claims the evidence
is legally and factually insufficient to support his conviction.  We affirm.

I. 
Factual Background








With her wallet in hand, Jane Remington walked to the
entrance of a Kroger store in Alvin, Texas. 
As she approached the store, she noticed a young man wearing a white tee
shirt and dark baseball cap and leaning against a post near the entrance.  He was the only person in the vicinity at
that time.  As she passed him, nearing
the entrance, Remington felt herself trip and, at the same time, felt a Atug@ at her wallet, as
if someone was attempting to pull it from her grasp.  Regaining her balance, Remington glanced
behind her and saw the young man running away. 
Remington testified that the entrance to the store had no raised areas
that might have caused her to lose her footing. 
Remington entered the store and notified store personnel, who then
called the police.  

Alvin Police Officer Alan Pearson responded to the call and
obtained a description of the young man Remington observed.  A dispatcher informed Pearson the man was
seen running toward an apartment complex adjacent to the Kroger store.  As Pearson explored the apartment complex, he
observed a man fitting the description, wearing a white tee shirt and baseball
cap, walking toward the complex=s swimming
pool.  Pearson testified that when the
man noticed the police car, he ran between two buildings and out of Pearson=s view.  Pearson pursued the man on foot and, after
learning his whereabouts from a group of children, knocked on the door of
appellant=s sister=s apartment.  

Appellant answered the door, dressed in a black tee shirt
and a black stocking cap.  Pearson
questioned appellant about the attempted theft, then took him to meet Remington
and another officer for the purpose of having Remington identify him.  After meeting with the other officer and
Remington, Pearson returned to the apartment and, with the permission of
appellant=s sister, searched for and discovered a
white tee shirt and baseball cap. 
Pearson took the shirt and cap and returned to the other officer,
Remington, and appellant, where he placed both items on appellant.  Remington positively identified him as the
man in front of the Kroger store, and appellant was arrested.  After a bench trial, the court convicted
appellant of attempted theft from a person and sentenced him to eighteen months= community
supervision and a $500 fine.  This appeal
followed.

 

 








II.  Issues on Appeal

In his first issue, appellant claims the evidence is legally
insufficient to support his conviction because the State did not establish his
specific intent to commit theft beyond a reasonable doubt.  Appellant argues in his second issue that the
evidence is factually insufficient because proof of his presence at the scene
of the crime coupled with flight cannot support a conviction.  

III.  Standards of Review

When
reviewing the legal sufficiency of evidence, we view the evidence in the light
most favorable to the verdict and determine whether a rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).  During this
process, we do not reevaluate the credibility of witnesses or the weight of
evidence, and we will not substitute our judgment for that of the fact-finder.  Johnson v. State, 967 S.W.2d 410, 412
(Tex. Crim. App. 1998).  We affirm the
judgment if any rational trier of fact could have found the elements of the
offense beyond a reasonable doubt.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

During
a factual sufficiency review, we view the evidence neutrally, setting aside the
verdict only if (1) the evidence supporting the verdict, if taken alone, is too
weak to sustain the finding of guilt beyond a reasonable doubt; or (2) the
contrary evidence is so strong that the State could not have met its burden of
proof beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004).  In our review of the evidence, we must be
deferential to the conclusions of the fact finder and resist intruding on the
fact finder=s role as the sole judge of witness
credibility and the weight to be given the evidence.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).  In a bench trial, the
court acts as fact finder.  See Joseph
v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).  Our standards of review remain the same
whether the evidence we consider is direct or circumstantial.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).








III.  Analysis  

A person commits the offense of theft from a person if he Aunlawfully
appropriates property with intent to deprive the owner of property,@ and Athe property is
stolen from the person of another.@  Tex.
Pen. Code Ann. '' 31.03(a) & 31.03(e)(4)(B) (Vernon
2004).  Appropriation is unlawful if Ait is without the
owner=s effective
consent.@  Id. ' 31.03(b)(1).  A person commits attempted theft if, with the
specific intent to commit theft, he Adoes an act
amounting to more than mere preparation that tends but fails to effect the
commission@ of the theft.  Id. ' 15.01(a); Maldonado
v. State, 998 S.W.2d 239, 243 (Tex. Crim. App. 1999). Appellant argues the
evidence is legally insufficient because the State failed to establish his
specific intent to commit the theft.   

Specific intent in attempt cases need not be proven through
direct evidence; rather, it may be shown by circumstantial evidence and
appellant=s conduct. 
Maldonado, 998 S.W.2d at 243; Inman v. State, 650 S.W.2d
417, 418 (Tex. Crim. App. 1983). 
Circumstantial evidence is Adirect proof of a
secondary fact which, by logical inference, demonstrates the ultimate fact to
be proven.@  Taylor
v. State, 684 S.W.2d 682, 684 (Tex. Crim. App. 1984).  Every fact and piece of evidence need not,
however, point independently to the defendant=s guilt.  See Conner v. State, 67 S.W.3d 192,
197 (Tex. Crim. App. 2001).  A conviction
may rest on the cumulative strength of all incriminating circumstances.  Id. 
In addition, the fact finder may also consider evidence of a
defendant=s Aconsciousness of
guilt@ as proof he
committed the crime charged.  Torres
v. State, 794 S.W.2d 596, 598 (Tex. App.CAustin 1990, no
pet.).  Although appellant argues that
mere presence at the crime scene and flight are insufficient to support his
conviction, we conclude there is circumstantial evidence beyond his presence at
and flight from the scene to support the finding that appellant attempted to
steal Remington=s wallet. 









Remington testified appellant was the only person in the
vicinity of the Kroger=s entrance, and that he ran away from
Remington immediately after she tripped and felt someone pull on her
wallet.  Remington described the man to
police, and later identified appellant as that same man.  Also, Pearson testified that appellant fled
after seeing Pearson searching the apartment complex.  Evidence of flight is probative of appellant=s guilt, whether
it is from a crime scene, from the police, or as in this case, both.  See Bigby v. State, 892 S.W.2d 864,
883 (Tex. Crim. App. 1994); see also Cawley v. State, 166 Tex. Crim. 37,
40, 310 S.W.2d 340, 342 (Tex. Crim. App. 1957) (stating flight Aamounts in effect
to a quasi admission of guilt of the offense charged@); Martin v.
State, 151 S.W.3d 236, 245 n.8 (Tex. App.CTexarkana 2004,
pet. ref=d) (noting no
distinction has been made between flight from a crime scene and flight from
police).  The evidence also showed that
appellant changed his shirt and hat between the time Pearson first made contact
with him in the complex=s parking lot and the time appellant
answered the door, and that he hid the clothes he was previously wearing in a
closet.  

Appellant testified that he had been to Kroger the morning
the crime occurred, but was not there when Remington entered the store.  He further testified that he attempted to
elude Pearson because he was under twenty-one and holding a can of beer at the
time he saw Pearson.  He stated that he
had changed his shirt because he spilled beer on it.  Viewing the evidence in the light most favorable
to the verdict, we conclude a rational trier of fact could find the elements of
attempted theft beyond a reasonable doubt. 
See McDuff, 939 S.W.2d at 614.  Appellant=s flight from both the scene of the
crime and later from police, the fact that he was identified as the only person
that could have pulled on Remington=s wallet, and the fact that he
changed his clothes after being seen by Pearson is legally sufficient evidence
to support his conviction.  Appellant=s first issue is overruled.  








Viewing
the evidence neutrally, we conclude that the evidence of appellant=s guilt is not so weak that it cannot
support the finding of guilt beyond a reasonable doubt, nor are we convinced
the contrary evidence is so strong that the State was unable to meet its burden
of proving guilt beyond a reasonable doubt. 
Zuniga, 144 S.W.3d at 484B85. 
Although appellant=s testimony gave reasons for his flight from Pearson and
changing his clothes, the trial court was free to disbelieve this testimony and
to believe the testimony of Remington and Pearson.  See Wesbrook v. State, 29 S.W.3d 103,
111 (Tex. Crim. App. 2000).  We hold
appellant=s flight, the fact that he was the
only person in the vicinity of the crime scene, and the fact that he changed
his clothes after seeing police is factually sufficient evidence of his specific
intent to commit theft and therefore sufficient to support his conviction.  Accordingly, we overrule appellant=s second issue, and the judgment of
the trial court is affirmed.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

Judgment
rendered and Memorandum Opinion filed May 19, 2005.

Panel
consists of Justices Edelman,
Seymore, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).