Affirmed; Memorandum Opinion of June 30, 2005, Withdrawn, and Substitute
Memorandum Opinion filed January 12, 2006









Affirmed; Memorandum Opinion of June 30, 2005,
Withdrawn, and Substitute Memorandum Opinion filed January 12, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00372-CR

____________

 

BENJAMIN
HASKELL COPELAND, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

______________________________________________________________

 

On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 03CR2017

______________________________________________________________

 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

We withdraw our memorandum opinion of June 30, 2005, and
issue this substitute memorandum opinion in its place. 

In this appeal of a jury
conviction for aggravated robbery, we determine whether the evidence is
factually sufficient to support appellant=s
conviction. We hold the evidence is factually sufficient and affirm the trial
court=s
judgment.








I.  Factual Background

At approximately 6:45 a.m. on the
morning of June 18, 2003, Jesse Ortiz began his daily walk to work in
Galveston, Texas.  As Ortiz walked, a
vehicle pulled alongside him, and a woman, later identified as Ebony Cox,
exited the vehicle and approached Ortiz from behind.  Cox pressed a handgun into Ortiz=s back
and demanded his wallet.  After Ortiz
gave her the wallet, Cox got back into the vehicle and the driver sped
away.  Although he was unable to identify
the driver or the passenger, Ortiz memorized the vehicle=s license
plate number and within minutes gave it to police.

A short time later, officers
observed a vehicle that matched the description and license number reported by
Ortiz driving toward Houston on Interstate 45. 
The officers pursued the vehicle, and the pursuit ended in an accident
in the parking lot of a business.  As Cox
hid near the accident scene, the passenger, later identified as appellant, fled
the scene and hid in the backyard of a nearby residence.  Police recovered two handguns, a pellet gun,
and Ortiz=s wallet from the vehicle.  Both Cox and appellant were subsequently
arrested and charged with aggravated robbery. 

A jury convicted appellant and,
after he pleaded guilty to one enhancement paragraph, sentenced him to 18 years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  This appeal followed.

II.  Discussion

In his sole issue, appellant
claims the evidence is factually insufficient to sustain his conviction for
aggravated robbery because Ortiz did not identify appellant as one of the
robbers, no physical evidence connects him to the crime, and no one apart from
CoxCan Aaccomplice
witness@Cidentified
him as one of the robbers.  We begin our
discussion by first addressing whether Cox=s
accomplice-witness testimony is sufficiently corroborated to serve as a basis
for appellant=s conviction.








A.        Cox=s
Identification of Appellant as a Participant in the Robbery

1.         Accomplice Witness Testimony

An accomplice witness is a person
who participated before, during, or after the commission of an offense and
could be prosecuted for the offense with which the defendant was charged.  See Blake v. State, 971 S.W.2d 451,
454B55 (Tex.
Crim. App. 1998).  Because Cox was
convicted of the same offense as that with which appellant was charged, her
status as an accomplice is established as a matter of law.  See DeBlanc v. State, 799 S.W.2d 701,
708 (Tex. Crim. App. 1990) (AA State=s witness
who has been indicted for the same offense as the defendant is considered to be
an >accomplice
as a matter of law.=@).

Article 38.14 of the Texas Code
of Criminal Procedure prohibits convicting a defendant based solely on the
testimony of an accomplice witness unless the testimony Ais
corroborated by other evidence tending to connect the defendant with the
offense committed.@  Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 2005); see Saunders v. State,
817 S.W.2d 688, 692 (Tex. Crim. App. 1991). 
If the corroborating evidence merely shows that the offense was
committed, it is insufficient.  Tex. Code Crim. Proc. Ann. art. 38.14.  Determining whether accomplice testimony
is sufficiently corroborated requires us to eliminate the accomplice testimony
from consideration and then examine the record to ascertain whether any
inculpatory evidence exists that tends to connect the accused to the commission
of the crime.  Solomon v. State,
49 S.W.3d 356, 361 (Tex. Crim. App. 2001). 
The corroborating evidence need not directly connect the defendant to
the crime nor be sufficient on its own to establish guilt; it must only tend to
connect the defendant to the offense.  Vasquez
v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).[1]









2.         Is there sufficient corroboration for
Cox=s
testimony?

Mere presence of the defendant at
the scene of the offense is insufficient to corroborate accomplice witness
testimony.  Cox v. State, 830
S.W.2d 609, 611 (Tex. Crim. App. 1992). 
Evidence of the defendant=s
presence at the scene, however, combined with other suspicious circumstances,
may be enough to connect the defendant to the offense.  Dowthitt v. State, 931 S.W.2d 244, 249
(Tex. Crim. App. 1996).  For example,
evidence that the defendant was in the presence of the accomplice at or near
the time or place of the crime is proper corroborating evidence, as is
subsequent flight.  Hernandez v. State,
939 S.W.2d 173, 178 (Tex. Crim. App. 1997); McDuff v. State, 939 S.W.2d
607, 613 (Tex. Crim. App. 1997).  If the
combined weight of the non-accomplice evidence tends to connect the defendant
with the offense, the Article 38.14 requirement is fulfilled.  Gosch v. State, 829 S.W.2d 775, 777
(Tex. Crim. App. 1991).  Here, there is
evidence independent of Cox=s
testimony that tends to connect appellant to the crime.

Appellant testified that he and a
group of friends went to Galveston on June 17 to attend a party and, after one
of his friends had an argument with his girlfriend, the group departed, leaving
appellant alone in Galveston with no means of transportation.  Appellant stated that sometime before dawn on
June 18, he called Cox and asked her to drive to Galveston and drive him back
to Houston.  He further testified that
after he got into Cox=s vehicle
and the two drove toward Houston on Interstate 45, he noticed three or four
police vehicles chasing them.  Appellant
stated he asked Cox to allow him to exit the vehicle, but she refused.  Finally, appellant testified that after the
vehicle was involved in an accident, he fled because he was frightened by the
entire ordeal.








Appellant=s
testimony that Cox arrived in Galveston on June 18 to pick him up sometime
around 18 places him in Cox=s vehicle
at or near the time Ortiz was robbed. 
Ortiz testified that he gave the license number of the robber=s vehicle
to police.  Based on this information,
officers pursued Cox=s vehicle
on Interstate 45 within the next few minutes, and the chase ended in an
accident from which appellant fled and hid. 
We conclude appellant=s
presence in Cox=s vehicle
at or near the time of the robbery and at the conclusion of the police pursuit,
coupled with his subsequent fleeing and hiding from police, is evidence tending
to connect him to the crime and, therefore, is sufficient corroborating
evidence to fulfill the Article 38.14 requirement.  See Tex.
Code Crim. Proc. Ann. art. 38.14; Hernandez, 939 S.W.2d at 178; Burks
v. State, 876 S.W.2d 877, 888 (Tex. Crim. App. 1994) (noting the Atending
to connect@ standard may be satisfied by
evidence of flight and guilty demeanor, coupled with other corroborating
circumstances).  Having concluded Cox=s
testimony is corroborated, we turn to appellant=s
sufficiency challenge.

B.        Factual Sufficiency of the Evidence

1.         Standard of Review

When conducting our review, we view the evidence neutrally,
and determine whether a jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004). 
Evidence of guilt can Apreponderate@ in favor
of conviction but still be insufficient to prove the elements of the crime
beyond a reasonable doubt.  Id. at
485.  We will set aside the verdict only if (1) the
evidence supporting the verdict, if taken alone, is too weak to sustain the
finding of guilt beyond a reasonable doubt; or (2) the contrary evidence is so
strong that the State could not have met its burden of proof beyond a
reasonable doubt.  Id. at 484B85. 


2.         Is the
evidence sufficient to support the conviction? 

a.         Relevant Law








A person commits robbery if, in the course of committing
theft and with intent to obtain or maintain control of property, he
intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death.  Tex. Pen. Code Ann. ' 29.02(a)(2) (Vernon 2004); Page
v. State, 125 S.W.3d 640, 645 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d). 
The robbery is aggravated if a deadly weapon is used or exhibited during
the commission of the offense.  Tex. Pen. Code Ann. ' 29.03(a)(2); Page, 125 S.W.3d
at 645.  The Texas Penal Code defines Ain the course of committing theft@ as conduct that occurs in an attempt
to commit theft, during the commission of theft, or in immediate flight after
the commission of theft.  Tex. Pen. Code Ann. ' 29.01(1).  

One may be convicted as a party to a crime if, Aacting with intent to promote or
assist the commission of the offense, he solicits, encourages, directs, aids,
or attempts to aid [an]other person to commit the offense.@ 
Id. ' 7.02(a)(2); Ahrens v. State, 43 S.W.3d 630, 633 (Tex.
App.CHouston [1st Dist.] 2001, pet. ref=d). 
When a defendant is present during the commission of an offense and
contributes toward its commission by words or agreement, evidence is sufficient
to convict under the law of parties.  Ransom
v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996).  Guilt under the law of parties may be proved
by circumstantial evidence, and we may look at events occurring before, during,
and after the commission of the crime, as well as actions by the defendant that
demonstrate an understanding or common design to commit the offense.  Id. 
Each fact need not directly and independently point to appellant=s guilt, so long as the cumulative
effect of the incriminating facts is sufficient to support the conviction.  Guevara v. State, 152 S.W.3d 45, 49
(Tex. Crim. App. 2004). 








Appellant argues the evidence is factually insufficient
because (1) Ortiz could not identify appellant as a participant in the robbery,
(2) the investigating officers discovered no physical evidence linking
appellant to the crime, and (3) only Cox identified appellant as a
participant.  Appellant=s argument suggests that Cox=s testimony coupled with some circumstantial
evidence cannot support his conviction. 
As discussed above, however, accomplice testimony may underpin a
conviction so long as it is corroborated in compliance with Article 38.14.  See Tex.
Code Crim. Proc. Ann. art. 38.14; Vasquez, 67 S.W.3d at
236.  Further, it is axiomatic that a
conviction may be based on circumstantial evidence.  See Conner v. State, 67 S.W.3d 192,
197 (Tex. Crim. App. 2001) (stating a conviction may rest on the cumulative
strength of all incriminating circumstances). 

Cox testified that early in the morning on June 18 appellant
asked her to Aride [from Houston] to Galveston with
him because he had to take care of business.@ 
She stated appellant believed she was a narcotics informant, and he
wanted her to rob someone in order to prove her trustworthiness.  After the two drove the streets of Galveston
seeking a victim, they happened upon Ortiz. 
Cox further testified that as the vehicle pulled alongside Ortiz, she
jumped out of the vehicle, pointed a gun at him, demanded and obtained his
wallet, and then got back into the vehicle. 
After driving away, appellant stopped the vehicle and the two changed
seats, so that Cox could drive back to Houston. 
Cox also stated that as officers began to pursue them, appellant
encouraged her to drive faster.  As
traffic began to build, Cox exited Interstate 45, and the chase ended with Cox
getting into an accident.  As noted,
appellant testified that he fled the scene of the accident because he was
frightened and wanted to get as far away from Cox as possible.

Viewing the appellate record neutrally, we cannot conclude
the evidence supporting the verdict, if taken alone, is too weak to sustain the
finding of guilt beyond a reasonable doubt, nor are we convinced the contrary
evidence is so strong that the State could not have met its burden of proof
beyond a reasonable doubt.  See Zuniga,
144 S.W.3d at 484B85.  Cox=s properly corroborated testimony,
coupled with appellant=s presence in the same vehicle as Cox and his subsequent
flight from police, is sufficient evidence to convict appellant as a party to
the aggravated robbery of Ortiz.  See Tex. Pen. Code Ann. '' 7.02(a)(2), 29.01(1), 29.02(a); Guevara,
152 S.W.3d at 49; see also Cawley v. State, 166
Tex. Crim. 37, 310 S.W.2d 340, 342 (Tex. Crim. App. 1957) (stating flight Aamounts
in effect to a quasi admission of guilt of the offense charged@). 









Although appellant presented a different version of the facts
than did Cox, the jury, in its role as the sole judge of witness credibility
and the weight to be given their testimony, was free to disbelieve the
testimony of appellant and accept Cox=s testimony as true.  See Sharp, 707 S.W.2d at 614.  Accordingly, we overrule appellant=s sole issue and affirm the judgment
of the trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Substitute Memorandum Opinion filed January 12, 2006.

Panel consists of
Justice Fowler, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Because the Aaccomplice witness rule@ is a statutorily created
sufficiency review and is not derived from constitutional principles that
define the legal and factual sufficiency standards, we apply the Atending to connect@ standard of reviewCrather than the
traditional standards for legal and factual sufficiencyCwhen reviewing evidence
for compliance with Article 38.14.  See
Cathey v. State, 992 S.W.2d 460, 462B63 (Tex. Crim. App. 1999).